**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/14

-------------------------------------------------------------

M.G. and V.M. on behalf of themselves individually
and their son, Y.T.; M.W. on behalf of herself
individually and her son, E.H.; A.D. on behalf of herself
individually and her son, D.D.,

           **Plaintiffs,**

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION; NEW YORK CITY BOARD OF
EDUCATION; DENNIS WALCOTT,[1] in his official
capacity as Chancellor of the New York City School
District,

           **Defendants.**

**OPINION AND**
**ORDER**

**13 Civ. 4639 (SAS)**

-------------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

       The parents of three autistic children bring this action against the New

York City Department of Education and other defendants ("the City"), alleging a

failure to provide adequate special education services to their children in violation

of the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the

Rehabilitation Act of 1973 ("Section 504"), 42 U.S.C. § 1983, the Due Process

---

[1]    As of January 1, 2014, Carmen Fariña replaced Dennis Walcott as the
Chancellor of the New York City School District.

Clause of the Fourteenth Amendment, the New York State Constitution, and several New York State education laws and regulations. Plaintiffs also allege that the City employs unlawful policies and practices regarding the provision of services to autistic children on a systemic basis.

On July 9, 2013, Y.T. and his parents, M.G. and V.M. ("the Y.T. plaintiffs") sought a preliminary injunction to compel the City to provide certain services to Y.T. during the pendency of his administrative proceedings. On August 1, 2013, I granted plaintiffs' motion with respect to the 1:1 applied behavioral analysis ("ABA") home services, which I concluded were part of Y.T.'s then-current educational placement. As such, the ABA services constituted pendency services exempt from administrative exhaustion.[2] However, I denied the remaining relief requested because plaintiffs had not established that their failure to exhaust administrative remedies should be excused. Therefore, I lacked jurisdiction to consider plaintiffs' request for services beyond Y.T.'s then-current educational placement.[3]

On July 25, 2013, plaintiffs amended their complaint to add E.H. and his mother M.W. ("the E.H. plaintiffs"), and D.D. and his mother A.D. ("the D.D.

---

[2]    *See M.G. v. New York City Dep't of Educ.,* No. 13 Civ. 4639, 2013 WL 3974165, at *5–6 (S.D.N.Y. Aug. 1, 2013).

[3]    *See id.*

plaintiffs"). Although the City did not contest the pendency services requested by the E.H. and D.D. plaintiffs, the hearing officer assigned to their cases refused to sign the requested pendency orders.[4]  On July 29, 2013, I endorsed a pendency order enumerating services to be provided to E.H. and D.D. during the course of their administrative proceedings.

The City now moves to dismiss the First Amended Complaint ("FAC") on the grounds that plaintiffs have failed to exhaust their administrative remedies in accordance with the IDEA and cannot demonstrate that exhaustion should be excused.  The City also moves to dismiss the claims implicating state administrative procedures unless New York State is joined as a necessary party under Rule 19 of the Federal Rules of Civil Procedure.  Finally, the City moves to dismiss Y.T.'s claims from the 2008–2009, 2009–2010, and 2010–2011 school years as time-barred under the IDEA's statute of limitations.  For the reasons that follow, the City's motion is granted in part and denied in part.

## II.   BACKGROUND

### A.   The IDEA

The IDEA requires participating states to provide disabled children with a free and appropriate public education ("FAPE") through an Individualized

---

[4]     *See* First Amended Complaint ("FAC") ¶ 363.

Education Program ("IEP") to be revised at least once a year.[5] The IDEA also grants parents certain procedural rights, including the right to an impartial due process hearing regarding their child's placement and services.[6] In New York, an Impartial Hearing Officer ("IHO") from the local educational agency conducts the initial due process hearing and issues written findings.[7] The IHO's decision may then be appealed to the New York State Education Department's ("NYSED's") Office of State Review, where a State Review Officer ("SRO") will examine the record and issue an "independent decision."[8] After exhausting the two-tiered administrative review process, an aggrieved party may then seek judicial review in federal or state court.[9]

**B.   Summary of Administrative Proceedings**

**1.   Y.T.**

Y.T. is an eleven-year-old boy who entered the public school system after moving to New York City from Egypt in 2008.[10] In February of 2012, the

---

[5]   *See* 20 U.S.C. §§ 1400(d)(1)(A), 1401(9), 1414(d)(4)(A) (2010).

[6]   *See id.* § 1415(f).

[7]   *See* N.Y. Educ. Law § 4404(1) (McKinney 2007).

[8]   20 U.S.C. § 1415(g).

[9]   *See id.* § 1415(i)(2)(A).

[10]   *See* FAC ¶¶ 1, 42.

4

Y.T. plaintiffs filed a due process complaint challenging the recommendations made for Y.T. in the 2008–2009, 2009–2010, 2010–2011, and 2011–2012 school years.[11] After entering several interim orders, the IHO rendered a final decision on February 11, 2013.[12] In brief summary, the IHO denied compensatory services but ordered additional 1:1 after-school services for the 2011–2012 school year.[13]

On March 25, 2013, plaintiffs appealed the IHO's decision to NYSED.[14] The matter was fully briefed and submitted in July of 2013.[15] As of December 3, 2013, the SRO still had not issued a decision.[16]

On July 3, 2013, the Y.T. plaintiffs filed another due process complaint challenging the recommendations made for Y.T. for the 2012–2013 and 2013–2014 school years.[17] Although the City states that an initial hearing was

---

[11]     *See id.* ¶ 33.

[12]     *See id.* ¶ 198.

[13]     *See id.* ¶¶ 201, 207, 209.

[14]     *See id.* ¶ 219.

[15]     *See M.G.*, 2013 WL 3974165, at *6 ("[P]laintiffs submitted their last filing in that review on July 1, and briefing should have been fully submitted as of July 22.").

[16]     *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Mem.") at 3–4.

[17]     *See id.* at 4; Defendants' Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint ("Def. Mem.") at 4.

scheduled before the IHO for October 17, 2013,[18] the hearing still had not commenced as of December 3, 2013.[19]

### 2.   E.H.

E.H. is a student classified with autism who has received special education services from the City since the 2009–2010 school year.[20]  M.W. has filed due process complaints regarding E.H.'s educational program in each school year since that time.  Two of those complaints prevailed at IHO hearings, and two were settled by stipulation.[21]  On July 8, 2013, M.W. filed a due process complaint challenging the City's recommendations for the 2013–2014 school year.[22] According to the City, the impartial hearing is currently before the IHO.[23]

### 3.   D.D.

D.D. is a student classified with autism who has received special education services since at least 2010.[24]  A.D. filed due process complaints

---

[18]   *See* Def. Mem. at 4.

[19]   *See* Pl. Mem. at 5.

[20]   *See* FAC ¶¶ 10, 274.

[21]   *See id.* ¶¶ 274, 276, 280.

[22]   *See id.* ¶¶ 287– 288.

[23]   *See* Def. Mem. at 5.

[24]   *See* FAC ¶¶ 241–242.

regarding D.D.'s services for the 2010–2011 and 2012–2013 school years.[25]

Although A.D. allegedly prevailed at both of those hearings, she claims that the

City did not implement all of the IHO's orders.[26]  On July 8, 2013, A.D. filed

another due process complaint challenging the City's recommendations for the

2013–2014 school year.[27]  In September of 2013, the IHO granted the services

requested in full, and the City did not appeal.[28]

## III.   STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court

must "'accept[] all factual allegations in the complaint as true, and draw[] all

reasonable inferences in the plaintiff's favor.'"[29]  The court "may consider the facts

alleged in the complaint, documents attached to the complaint as exhibits, and

documents incorporated by reference in the complaint."[30]

The court evaluates the sufficiency of the complaint under the "two-

---

[25]     *See id.* ¶¶ 242, 246.

[26]     *See id.* ¶¶ 243, 244, 248, 249, 250.

[27]     *See id.* ¶¶ 255; Pl. Mem. at 6.

[28]     *See* Pl. Mem. at 6.

[29]     *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011)
(quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

[30]     *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

pronged approach" suggested by the Supreme Court in *Ashcroft v. Iqbal.*[31]  Under

the first prong, a court may "begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of truth."[32]  For

example, "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."[33]  Under the second prong of *Iqbal*,

"[w]hen there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for

relief."[34]  A claim is plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[35]  "The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted

unlawfully."[36]

## IV.   APPLICABLE LAW

### A.    Exhaustion of Administrative Remedies

---

[31]    *See* 556 U.S. 662, 678–79 (2009).

[32]    *Id.* at 679.

[33]    *Id.* at 678.

[34]    *Id.* at 679.

[35]    *Id.* at 678.

[36]    *Id.* (quotation marks omitted).

The IDEA requires exhaustion of administrative remedies prior to judicial review.[37] However, the Supreme Court has held that exhaustion is excused where it would be "futile or inadequate."[38] Plaintiffs bear the burden of demonstrating that exhaustion would be futile or inadequate under the circumstances.[39]

In the Second Circuit, exhaustion may be excused in "cases involving systemic violations that [cannot] be remedied by local or state administrative agencies 'because the framework and procedures for assessing and placing students in appropriate educational programs [is] at issue.'"[40] The same rationale applies where "'an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law.'"[41]

Exhaustion may also be excused where the local educational agency

---

[37]   *See* 20 U.S.C. § 1415(i)(2)(A).

[38]   *Honig v. Doe,* 484 U.S. 305, 327 (1988).

[39]   *See id. See also Polera v. Board of Educ. of Newburgh Enlarged City Sch. Dist.,* 288 F.3d 478, 489 n.8 (2d Cir. 2002).

[40]   *Cave v. East Meadow Union Free Sch. Dist.,* 514 F.3d 240, 249 (2d Cir. 2008) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 114 (2d Cir. 2004)).

[41]   *Dean v. School Dist. of City of Niagara Falls, N.Y.,* 615 F. Supp. 2d 63, 71 (W.D.N.Y. 2009) (quoting *Mrs. W. v. Tirozzi,* 832 F.2d 748, 756 (2d Cir. 1987)).

failed to notify parents of their due process rights and thereby "deprived [them] of the opportunity to take advantage of the procedural safeguards offered by the statute."[42] Moreover, lengthy delays in the administrative process may justify a finding that exhaustion would be futile or inadequate.[43] Although the specific threshold for such a finding is unclear, lower courts have excused exhaustion in cases with delays ranging from one month to two years.[44]

### B. Joinder of Necessary Parties

Failure to join a necessary party in accordance with Rule 19 can be

---

[42]    *Weixel v. Board of Educ. of N.Y.*, 287 F.3d 138, 147 (2d Cir. 2002) (quotation marks and citations omitted).

[43]    *See Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 74 (2d Cir. 1991) (noting that "if state administrative bodies persistently fail to render expeditious decisions as to a child's educational placement, district courts have the power under § 1415(e)(2) to assume jurisdiction over the review process on the grounds that exhaustion would be futile or inadequate. . . ."). *See also Mackey ex rel. Thomas M. v. Board of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 162 n.3 (2d Cir. 2004) (noting district court's finding, unchallenged on appeal, that exhaustion was excused based on SRO delay of almost a year).

[44]    *See McAdams v. Board of Educ. of Rocky Point Union Free Sch. Dist.*, 216 F. Supp. 2d 86, 95 (E.D.N.Y. 2002) (excusing exhaustion where appeal had been pending at SRO level for almost two years); *Adrian R. ex rel. Esther D. v. New York City Bd. of Educ.*, No. 99 Civ. 9064, 2001 WL 77066, at *6 n.6 (S.D.N.Y. Jan. 30, 2001) (exhaustion excused where SRO's decision was delayed by eight months); *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 78 F. Supp. 2d 138, 140 (W.D.N.Y. 1999) (excusing exhaustion where no decision had been issued by SRO more than two months after notice of appeal was filed).

grounds for dismissal.[45]  A party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties."[46]  If joinder of a necessary party is not feasible, the court must "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[47]

### C.     Statute of Limitations

Under the IDEA, a parent's due process complaint must be filed "within 2 years of the date [the parent] knew or should have known about the alleged action that forms the basis of the complaint."[48]  The two-year statute of limitations does not apply if the parent was prevented from requesting the hearing by the local educational agency's misrepresentations, or because the agency withheld information it was required to provide.[49]

The IDEA's statute of limitations is an affirmative defense rather than

---

[45]     *See* Fed. R. Civ. P. 12(b)(7).

[46]     Fed. R. Civ. P. 19(a)(1)(A).

[47]     Fed. R. Civ. P. 19(b).

[48]     20 U.S.C. § 1415(f)(3)(C).

[49]     *See id.* § 1415(f)(3)(D).

a jurisdictional prerequisite.[50]  As such, it is subject to the doctrine of waiver if not

raised at the initial administrative hearing.[51]  Where a plaintiff raises equitable

tolling arguments, a motion to dismiss based on the statute of limitations must be

denied unless "all assertions of the complaint, as read with required liberality,

would not permit the plaintiffs to prove that this statute was tolled."[52]

## V.   DISCUSSION

### A.   Exhaustion Is Excused for Plaintiffs' Systemic Claims

In addition to challenging certain aspects of their IEPs, plaintiffs seek

a declaratory judgment that some of the City's policies and practices regarding the

provision of services to autistic children are unlawful.  They also seek a permanent

---

[50]    *See, e.g., Somoza v. New York City Dep't of Educ.,* 538 F.3d 106, 111 (2d Cir. 2008) (calling IDEA's statute of limitations an affirmative defense); *In re S. Afr. Apartheid Litig.,* 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009) ('Statute of limitations defenses are affirmative defenses, which normally cannot be decided on a motion to dismiss.").

[51]    *See In re Benedict,* 90 F.3d 50, 54 (2d Cir. 1996) (noting that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling") (quotation marks and citations omitted); *R.B. ex rel. A.B. v. Department of Educ. of City of N.Y.,* No. 10 Civ. 6684, 2011 WL 4375694, at *5–7 (S.D.N.Y. Sept. 16, 2011) (considering IDEA's statute of limitations to be an affirmative defense and noting that "a party's failure to raise an argument during administrative proceedings generally results in a waiver of that argument"). *But see S.W. v. New York City Dep't of Educ.,* 646 F. Supp. 2d 346, 361 (S.D.N.Y. 2009) (considering arguments raised by DOE for the first time before the SRO).

[52]    *Apartheid,* 617 F. Supp. 2d at 287 (quotations and citations omitted).

injunction prohibiting the application of those policies to their children in the future.[53]

Specifically, plaintiffs allege that: 1) the City refuses to include certain services on any IEP regardless of the student's needs, and parents can only obtain such services through due process hearings;[54] 2) the City automatically attempts to remove certain services on a yearly basis without consideration for the student's needs, leaving parents in a continuous cycle of litigation;[55] 3) the City will not fund pendency services prospectively without an order from an IHO, which disadvantages families that cannot afford to pay for their child's services up front and request reimbursement later;[56] 4) the City fails to comply with translation and language access requirements on a widespread scale;[57] 5) the City has not vested IHOs with jurisdiction over certain federal claims that are required to be exhausted under the IDEA;[58] 6) the City's due process notices are unreasonably

---

[53]     *See* FAC at 53–56.

[54]     *See id.* ¶¶ 254, 321–323, 329, 330–333, 335–336, 338, 344.

[55]     *See id.* ¶¶ 327, 345–348.

[56]     *See id.* ¶¶ 259, 303–309.

[57]     *See id.* ¶¶ 179, 185, 189.

[58]     *See id.* ¶ 386.

difficult to understand;[59] 7) SRO appeals are excessively delayed;[60] and 8) hearing officers at both levels of review are not impartial because they are hired and supervised by NYSED.[61]

Although IHOs and SROs have the authority to order wide-ranging relief for individual children in a specific school year, they have no power to alter the City's policies or general practices and cannot issue prospective relief. Because plaintiffs have plausibly alleged violations that the administrative process has "no power to correct," exhaustion would be inadequate or futile.[62] Therefore, plaintiffs' failure to exhaust their systemic claims is excused.

**B.    Exhaustion Is Excused for Y.T. Based on Excessive Administrative Delay**

Plaintiffs further argue that exhaustion should be excused for Y.T. on the basis of lengthy administrative delays. Under the applicable federal regulations, IHOs have forty-five days to issue a final decision, while SROs have

---

[59]    *See id.* ¶ 184.

[60]    *See id.* ¶¶ 355–356, 385.

[61]    *See id.* ¶¶ 364–388.

[62]    *J.S.,* 386 F.3d at 113.

14

thirty.[63]  Here, the Y.T. plaintiffs filed their notice of appeal on March 25, 2013,[64]

and the case was fully briefed by July.[65]  Yet a decision still has not been issued

almost six months later.  Plaintiffs have provided evidence that, as of July 2013,

the SRO system had a backlog of over 230 cases, some of which had been pending

for over 300 days.[66]

   Furthermore, I take judicial notice that a proposed class action

settlement agreement is currently before Judge Paul Gardephe of this Court

addressing delays in due process hearings for special needs children.  The proposed

settlement provides that IHO decisions will be deemed fully exhausted if the SRO

has not issued a decision within seventy-five days of the parties' final

submission.[67]  Although the settlement is not yet binding, it certainly lends support

to plaintiffs' argument that a delay of nearly six months should excuse the

administrative exhaustion requirement.  While Y.T. is currently receiving

---

[63]  *See* 34 C.F.R. § 300.515 (2006).

[64]  *See* FAC ¶ 219.

[65]  *See M.G.,* 2013 WL 3974165, at *6.

[66]  *See* 7/8/13 Hearing Transcript, *U.A. v. NYSED,* No. 13 Civ. 3077, Dkt. No. 24 (S.D.N.Y. July 24, 2013), Ex. F to 12/3/13 Declaration of Elisa Hyman, plaintiffs' attorney, at 3, 14.

[67]  *See* Proposed Settlement Agreement ¶ IV(5), Ex. A to 1/10/14 Letter from Assistant Attorney General Michael Klekman, *U.A. v. NYSED,* No. 13 Civ. 3077, Dkt. No. 75 (S.D.N.Y. Jan. 10, 2014).

pendency services, his parents allege that those services are insufficient. Under these circumstances, a delay of more than half the school year in question renders the administrative process futile or inadequate.

Similarly, Y.T.'s second due process complaint regarding the 2012–2013 and 2013–2014 school years has been pending at the IHO level since July 3, 2013, and the hearing still has not commenced.[68] For the same reasons stated above, exhaustion is excused with respect to Y.T.'s second due process complaint.[69]

Plaintiffs do not argue that E.H. and D.D. should be excused from exhaustion based on administrative delay. D.D. prevailed at the IHO level after a timely hearing process.[70] E.H. requested a due process hearing on July 8, 2013 that is apparently still ongoing six months later.[71] While such a delay could potentially suffice to excuse administrative exhaustion, neither party has provided the court with information regarding the reason for the delay, and plaintiffs have not pressed

---

[68]    *See* Pl. Mem. at 5.

[69]    Because exhaustion is excused for Y.T. on the basis of administrative delay, I need not address his argument that exhaustion should be excused due to the City's alleged failure to provide his parents with due process notices.

[70]    *See* Pl. Mem. at 6.

[71]    *See* Def. Mem. at 5.

16

the point in their briefs. Therefore, D.D.'s and E.H.'s individual claims are dismissed without prejudice for failing to exhaust administrative remedies.[72]

### C. New York State Is a Necessary Party to Certain Claims

Several of plaintiffs' claims implicate state-level procedures. For instance, plaintiffs allege excessive delays and systemic bias at the SRO level.[73] Because the City has no control over state policies and practices, it can offer no relief in response to these particular claims. Thus, NYSED is a necessary party under Rule 19 and must be joined if feasible. Given that neither party has disputed feasibility, plaintiffs must join NYSED as a defendant or their claims involving state administrative procedures will be dismissed.

### D. Y.T.'s Claims Are Not Barred by the Statute of Limitations

The City argues that Y.T.'s claims regarding the 2008–2009, 2009–2010, and 2010–2011 school years are barred by the IDEA's two-year statute of limitations. However, the City raised this issue for the first time on appeal to the SRO.[74] The City incorrectly contends that the statute of limitations is

---

[72]    If the E.H. plaintiffs provide more information about the cause of the delay, I am willing to reconsider this ruling.

[73]    *See* FAC ¶¶ 355–356, 364–388.

[74]    *See* Def. Mem. at 20 n.8.

17

jurisdictional and thus not subject to waiver.[75]  However, the weight of authority indicates that IDEA's statute of limitations is an affirmative defense.[76]  Because the City did not raise the statute of limitations at the initial due process hearing, the argument has been waived.

Even if the City is not deemed to have waived the statute of limitations defense, plaintiffs allege that they did not receive due process notices in their native language as required by the IDEA.[77]  Indeed, a local educational agency's failure to provide necessary information constitutes an exception to the statute of limitations.[78]  Therefore, plaintiffs have plausibly alleged that their claims are timely, and the City's motion to dismiss Y.T.'s claims for the 2008–2009, 2009–2010, and 2010–2011 school years is denied.

## VI.   CONCLUSION

For the foregoing reasons, the City's motion to dismiss is granted with respect to the individual claims of E.H. and D.D.  The motion is denied with

---

[75]     *See id.*

[76]     *See Somoza,* 538 F.3d at 111; *R.B.,* 2011 WL 4375694, at *5–7.

[77]     *See* FAC ¶¶ 23–27; 20 U.S.C. § 1415(b)(3)-(4) (requiring the local educational agency to provide parents with due process notices in their native language whenever the agency proposes a change, or refuses a change, in the child's educational program).

[78]     *See* 20 U.S.C. § 1415(f)(3)(D).

respect to Y.T. as well as the systemic claims asserted by the other plaintiffs.
Plaintiffs are ordered to join the State of New York within thirty (30) days or their
claims challenging state administrative procedures will be dismissed.  The Clerk of
the Court is directed to close this motion [Docket Entry No. 25].  A conference is
scheduled for February 20, 2014 at 4:30 pm.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       January 21, 2014
             New York, New York

**- Appearances -**

**For Plaintiffs:**

Elisa F. Hyman, Esq.
Friedman & Moses LLP
233 Broadway, Suite 901
New York, NY 10279
(212) 732-5800
Fax: (212) 608-3280


**For Defendants:**

Andrew James Rauchberg
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 788-0889
Fax: (212) 788-0940