UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
M.G., et al.,

        Plaintiffs,

  - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION; NEW YORK CITY BOARD OF
EDUCATION; CARMEN FARIÑA, in her
official capacity as Chancellor of the New
York City School District; NEW YORK
STATE EDUCATION DEPARTMENT,
COMMISSIONER JOHN B. KING, in his
official capacity as Commissioner of the New
York State Education Department,

        Defendants.
------------------------------------------------------------X

13-cv-4639 (SHS) (RWL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-22-19

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses scheduling and the parties' considerable correspondence on that topic. The Court issues the following directives so that the parties' may conclude agreement on a revised schedule, which shall be submitted to the Court by December 10, 2019.

1. The items on which the parties agree appear to the Court to extend document discovery further than is reasonable given the various contingent dates. The Court believes the parties need a firm date for (a) the completion of document discovery (i.e., the date when the parties certify that they believe they have produced all responsive, non-privileged documents found after a reasonable search), (b) fact discovery (including depositions), and (c) expert discovery. The parties should cooperate with each other in honoring requests for confirmation that production of

1

specific groups of documents have been completed (e.g., all SESIS documents; all individual hearing documents; documents in response to a particular request; or whatever the case may be).

2. It is a producing party's responsibility to provide complete productions; it is not the receiving party's burden to take responsibility for identifying gaps, although if a receiving party believes there are gaps, that party should promptly bring the issue to the producing party's attention.

3. The Court will not set an absolute "no more document requests" date. Parties must have the freedom to follow up on (a) concerns that certain documents that should exist and should have been produced have not been, (b) new information learned through depositions or other discovery. At the same time, this process may not be abused. Following written certification by a party that they have produced all responsive non-privileged documents found after reasonable search, there should be no need for document discovery on new subject matter that reasonably should have been requested at an earlier point in time (other than in connection with an amended pleading as set forth below). This directive should obviate the "Paragraph 27" issue.

4. Plaintiff is not precluded from issuing requests for documents relevant to any new subject matter or claims in an amended complaint to the extent the amendment is allowed.

5. Requests to admit may be served any time before the close of discovery.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 22, 2019
New York, New York