USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
M.G., et al.,

                              Plaintiffs,

        - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION; NEW YORK CITY BOARD OF
EDUCATION; CARMEN FARIÑA, in her
official capacity as Chancellor of the New
York City School District; NEW YORK
STATE EDUCATION DEPARTMENT,
COMMISSIONER JOHN B. KING, in his
official capacity as Commissioner of the New
York State Education Department,

                              Defendants.
----------------------------------------------------------------X

13-cv-4639 (SHS) (RWL)

ORDER

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiffs' request to file a Fifth Amended Complaint. Defendants object. The parties have submitted letter correspondence on the issues, and the Court held a two-hour hearing on March 12, 2012 to discuss the issues. The Court has ample information and argument on which to issue a ruling without further briefing. Accordingly:

    1.    Plaintiffs' letter motion to file their proposed Fifth Amended Complaint (Exhibit A to Dkt. 281) is GRANTED in part and DENIED in part as follows. Where the Court indicates that a particular subject matter may be amended, the grant is not as to the subject matter generally but rather with respect to the specific allegations made in the proposed Fifth Amended Complaint as submitted to the parties and the Court (i.e., Exhibit A to Dkt. 281).

1

2. **Conform Definition of Autism Services to Certification Decision:** Granted.

3. **Updated Autism Statistics:** Granted, so long as the statistics are consistent with the rulings herein as to which subject matter may or may not be included in the Fifth Amended Complaint.

4. **New York State Autism Licensure Law and Clarifying the Source of ABA Shortages:** Granted. Plaintiffs have not unduly delayed with respect to these allegations, having moved in timely fashion based on the alleged ABA shortage, change in the law and interim attempts to resolve this matter by settlement. Defendants will not be prejudiced; additional discovery does not qualify as prejudice unto itself, and the additional discovery associated with these amendments will not cause undue delay in the proceedings, which remain in document discovery. Defendants have not argued that these amendments would be futile.

5. **Section 504 Subclasses:** As discussed during the March 12, 2020 hearing, the parties shall further meet and confer to determine whether any disagreement on including these amendments remain. This meet and confer should be done within the time frame set forth for the meet and confer in paragraph 8 below.

6. **Revised Due Process Allegations:** Granted. Both Defendants concede that the allegations fall within the scope of what already is alleged, even if with more "vim and vigor."

7. **Proposed Autism Preschool Class and Subclass:** Denied. At the time she presided over this case and ruled with respect to class certification, Judge Shira A. Scheindlin previously denied, without prejudice, Plaintiffs' earlier request for an order

stating that preschool students are included in the certified classes. (Dkt. 131.) The same or similar differences between the preschool and post-preschool systems noted by Judge Scheindlin in denying that earlier application remain today. Those differences give rise to concern these amendments could lead to undue delay of the existing proceedings. Although Plaintiffs' counsel stated that she does not anticipate the need for any discovery in connection with making a motion to certify a preschool class, she could not offer the same assurance with respect to merits discovery. Indeed, Defendants identified substantial additional discovery that may be required. It is conceivable that the preschool issue may meet up with this litigation in the future by some other procedural mechanism (e.g. consolidation), but that is a question for another day.

8. By March 18, 2020, Plaintiffs shall provide Defendants with a revised proposed Fifth Amended Complaint that complies with this order; the parties shall then meet and confer to seek agreement on the revision; and by March 26, 2020 either (a) Plaintiffs shall file the revised proposed Fifth Amended Complaint, or (b) the parties shall file a joint letter addressing any remaining disputes.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 12, 2020
New York, New York