```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
M.G., et al.,

                    Plaintiffs,

        - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                    Defendants.
-------------------------------------------------------------X

13-CV-4639 (SHS) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This Order resolves, for now, the issues concerning ESI discovery raised by the State and Plaintiffs in correspondence at Dkt. 326 and 329.

      1.     Both parties' requests for approval nunc pro tunc to file letters extending beyond the Court's page limit are granted. The parties should not, however, take this as license to continue to do so.

      2.     The State's request that Plaintiffs provide ESI subject to the same framework as Defendants is denied. Plaintiffs apparently have produced more than 150,000 pages of ESI. Plaintiffs also have provided expansive releases allowing Defendants to obtain relevant information. The parties shall meet and confer, however, as to what exactly the State's standing concerns are and what information the individually named Plaintiffs can provide that would be minimally sufficient to make that determination. Oppressive ESI of parents and their special needs children is not warranted.

      3.     The State's ESI proposal is unduly limited and its search protocol overly simplistic. The suggestion that 6 ESI custodians is sufficient is not grounded in reality,

1

and the State offers no justification for limiting ESI discovery to those 6 custodians. Defendants must work with Plaintiffs to identify appropriate custodians. At the same time, Plaintiffs cannot designate as custodians everyone they think may have relevant ESI; the goal is to identify a group of custodians reasonably expected to have the lion's share of responsive information.

4. The parties shall use Plaintiffs' ESI proposal as the basis for further discussion. Plaintiffs shall first consolidate, and provide to Defendants, their separate proposals for the different subclasses into a single document. In doing so, Plaintiffs shall strive to keep the proposal streamlined and not overly complex. Plaintiffs shall provide the updated proposal to Defendants by **February 8, 2021**.

5. The City should be included in the ESI protocol discussions so that all parties are operating with the same protocol.

6. By **March 1, 2021**, the parties shall have met and conferred for as many hours as it takes to agree upon a final protocol, custodians, and search terms. The parties need to cooperate to identify the relevant custodians and sources. The parties need to be reasonable in what they demand and about what they object. The parties need to respond to each other's inquiries in timely fashion. If, after the requisite meet and confer, there are any remaining issues requiring the Court's attention, the parties shall jointly advise the Court of the disputed issues by **March 8, 2021**.

7. The State is correct that this case has dragged on for too many years. All parties have contributed to that one way or another, even if well-intentioned. The Court wishes to avoid, but will employ, if necessary, appropriate sanctions to address undue delay.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 25, 2021
  New York, New York

Copies transmitted this date to all counsel of record.