

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

July 6, 2022

**By ECF**

Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *M.G., et al., v. N.Y. City Dep't of Educ., et al.*, 13 Civ. 4639 (SHS) (RWL)

Your Honor:

      This Office represents the New York State Education Department ("SED") and the Commissioner of SED (collectively, the "State Defendants") in the above-referenced action. We write in response to Plaintiffs' June 22, 2022 letter (ECF No. 367) ("Plaintiffs' Letter" or "Pl. Letter") to set forth the State Defendants' opposition to Plaintiffs' request for leave to file the proposed Sixth Amended Complaint ("SAC").[1] For the reasons set forth below, Plaintiffs' request should be denied.

      With the instant application, Plaintiffs seek leave to amend for a *sixth time* by filing the *seventh version* of their complaint, more than *nine years* after commencing this litigation in 2013. According to Plaintiffs, the proposed SAC "narrows" and "updates" the allegations in the presently operative Fifth Amended Complaint ("FAC"), but "does not add any new defendants or claims and does not expand the scope of discovery." Pl. Letter at 1. Significantly, Plaintiffs used the same "narrowing and updating" justification when they asked for (and received, over Defendants' objections) leave to file the FAC itself, more than two years ago (ECF No. 281). While it thus appears that Plaintiffs' desire to "narrow" and "update" their allegations knows no end, the law does not permit them to keep making these kinds of revisions to their pleading indefinitely.

      Indeed, Plaintiffs' desire to "update" their allegations without changing the claims or parties at issue in the litigation is insufficient for leave to amend to be granted in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. "Although Rule 15(a) … mandates that a

---

[1] The State Defendants do not purport to list each and every available objection to Plaintiffs' proposed SAC in this letter and reserve their rights to address any and all objections at the appropriate time, should that be necessary.

court freely allow amendments to a complaint, where the 'additional allegations merely reiterate and embroider the claims … already presented in [the] original complaint, adding little, if anything, of substance to [the] case,' justice does not require that leave to amend be granted." *See Scot. Air Int'l, Inc. v. Brit. Caledonian Grp., PLC.*, 152 F.R.D. 18, 30–31 (S.D.N.Y. 1993), quoting *Coleman v. Ramada Hotel Operating Co.,* 933 F.2d 470, 473 (7th Cir.1991); *see also O'Brien v. Price Waterhouse,* 740 F.Supp. 276, 284 (S.D.N.Y. 1990) ("mere elaboration and increased verbiage concerning the same core allegations initially put forward" deemed insufficient to warrant amendment), *aff'd,* 936 F.2d 674 (2d Cir. 1991).

Based on Plaintiffs' summary of the changes in the proposed SAC, the amendments at issue would largely update certain facts or make minor, non-substantive revisions to the language of Plaintiffs' allegations. *See* Pl. Letter at 4-7. However, these changes are entirely unnecessary. Plaintiffs need not amend their pleading whenever new information becomes available, because they "will be able to present the new information at summary judgment and trial regardless of whether such information appears in [their] pleadings." *Schmidt v. Stone*, No. 14 Civ. 2519 (RJD)(CLP), 2018 WL 4522082, at *12 (E.D.N.Y. Jan. 29, 2018).

Moreover, there is an "interest in closing the pleadings and continuing the discovery process [that] outweighs any benefit in allowing Plaintiff[s] to add unnecessary allegations to [their] existing cause of action." *Johnson & Johnson v. Guidant Corp.*, No. 06 Civ. 7685, 2010 WL 571814, at *11 (S.D.N.Y. Feb. 16, 2010); *see also Ashford v. Goord*, No. 07 Civ. 191, 2009 WL 2086838, at *3 (W.D.N.Y. July 10, 2009) (collecting cases denying leave to amend where additional allegations merely echo those in a party's existing pleading). This case has been pending for almost nine years, and Plaintiffs have already had six opportunities to state their claims, including five opportunities to amend their allegations. State Defendants respectfully submit that it is time that the pleadings were closed once and for all.[2]

Furthermore, because Plaintiffs' proposed amendments admittedly do not affect the claims to be tried, they are unnecessary and would "needlessly require the defendant[s] to expend time and resources drafting an answer." *Barrett v. United Parcel Serv.*, No. 18 Civ. 2046 (MKB)(LB), 2020 WL 4016826, at *2–3 (E.D.N.Y. May 14, 2020), *report and recommendation adopted sub nom. Barrett v. Loc. 804 Union*, No. 18 Civ. 2046 (MKB), 2020 WL 4016016 (E.D.N.Y. July 16, 2020). "Defendants should not be made to expend additional resources to answer a sixth amended complaint that does not substantively advance [P]laintiff[s'] claims." *Id*. That is particularly true when, as here, the proposed SAC is incredibly voluminous and spans 478 paragraphs of allegations over 76 dense pages.

In addition to the time and expense of a lengthy new answer, allowing Plaintiffs to amend once again could require State Defendants to redo their pending discovery requests. Specifically, on March 12, 2021, the State Defendants served Plaintiffs with their "First Set of Interrogatories and Requests for Production of Documents in Response to the Fifth Amended Complaint." As the name suggests, these discovery requests, which contain 178 document requests and 11 interrogatories, were formulated in response to and directed specifically at Plaintiffs' allegations

---

[2] Indeed, even as Plaintiffs' instant motion for leave to amend is pending, Plaintiffs have represented to the Court that the proposed SAC is not necessarily in final form and they may need to further amend their allegations yet *again*, based on the Court's response to a proposed stipulation (ECF No. 368).

as asserted in the FAC. To date, more than fifteen months after service, Plaintiffs have not yet responded to any of these discovery requests, either in writing, by production of documents, or otherwise. Granting Plaintiffs leave to file the proposed SAC would allow them to argue that these pending discovery requests are stale or moot, which would in turn require the State Defendants to either revise the existing requests or serve entirely new ones. Given the length and breadth of the discovery requests, either undertaking would require a considerable expense of time and resources by the State Defendants which, as with a new answer, would be entirely "needless" considering the purported nature of the amendments now at issue.

For the reasons herein, the State Defendants respectfully request that the Court deny Plaintiffs' request for leave to file the proposed Sixth Amended Complaint.

Respectfully submitted,

_____/s/_____
Elyce N. Matthews
Jaclyn D. Saffir
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-8910/6286