USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2024



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 22, 2024

**Via ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE:    M.G., et al. v. N.Y. City Dep't of Educ., et al., 13-cv-4639 (SHS) (RWL)

Your Honor:

      We write on behalf of the State Defendants[1] to request reconsideration of the Court's decision to extend the discovery schedule in this action by three months for all parties. *See* Order, Feb. 14, 2024, ECF No. 415. As described below, the extension was not warranted by the circumstances and serves only to reward Plaintiffs' counsel's continued failure to abide by both Your Honor's directives and their obligations as class counsel to prosecute this action efficiently and appropriately. That failure has greatly prejudiced the State Defendants, who are entitled to a resolution of this decade-old matter. We therefore respectfully request that the fact discovery deadline as to the State Defendants be returned to the prior date of March 31, 2024.

      **I.**    **Relevant Background**

      As the Court is well-aware, this action is over ten years old. The parties have been engaged in discovery for several years and the Court has been generous in its consideration of the parties' circumstances. However, as the Court stated exactly three years ago, "this case has lingered too long and needs to find its way to resolution." *See* Order, Feb. 16, 2021, ECF No. 336. Accordingly, on April 19, 2023, the Court issued a final scheduling Order, pursuant to which document discovery was to be substantially completed by September 29, 2023 and fact discovery was to be completed by January 31, 2024. *See* Order, Apr. 19, 2023, ECF No. 388.

      In issuing this final scheduling Order, the Court stated as follows: "These deadlines are ample, realistic, and generous, particularly in light of the history of this case. The Court has taken into account that counsel for all parties have faced issues regarding health, family, and/or loss of

---

[1] The State Defendants are the New York State Education Department ("SED") and the Commissioner of SED.

key personnel, collectively which give rise to extraordinary circumstances for a substantial further extension of the case schedule. But that extension will be last and final. All parties must devote the requisite resources to this case. There will be no further extensions of discovery." *Id.* Despite this unambiguous directive, Plaintiffs requested a conditional extension of the discovery schedule two months later, which was firmly rejected by the Court: "Request denied… 'last and final' meant 'last and final.'" *See* Order, June 26, 2023, ECF No. 392.

The State Defendants, as well as their attorneys in this Office, took Your Honor's directives very seriously, and worked hard to comply with those "last and final" deadlines. SED collected voluminous, up-to-date electronic files from several custodians and this Office spent all summer reviewing that material to meet the September 29, 2023 substantial completion deadline, making productions on April 28, September 5, and September 29, 2023. Additionally, this Office was forced to spend considerable resources – over $30,000 in State funds – to hire contract attorneys to redact FERPA-protected material by the then January 31, 2024 fact-discovery deadline, making a further production of such material on December 21, 2023. Had we known that Plaintiffs' counsel was not taking Your Honor's orders seriously, and that the discovery schedule would be extended several times as a result, this Office could have avoided those costs entirely by seeking a FERPA waiver, which is a several months long process that was impossible under the existing schedule.

In stark contrast to the State Defendants' efforts to comply with the Court's deadlines, Plaintiffs' counsel repeatedly waits until the last minute before focusing on discovery and then asks this Court to excuse them from their obligations. For example, Plaintiffs' counsel waited until March 10, 2023 to ask the Court to extend the March 31, 2023 fact-discovery deadline because "all of the federal attorneys from" Elisa Hyman's firm "had health-related and/or serious family-health issues starting in July 2022." *See* Letter, March 10, 2023, ECF No. 381. Similarly, after Your Honor issued the "last and final" April 19, 2023 discovery schedule, Plaintiffs' counsel waited until a week before the September 29, 2023 substantial completion deadline to request a protective order that would allow them to produce entire student files, including hearing records, without doing the work of reviewing the files and culling non-responsive material. *See* Letter, Sept. 22, 2023, ECF No. 394. A few months later, on December 6, 2023, Plaintiffs' counsel relayed a new host of health and personal problems that allegedly made it impossible for them to comply with the January 31, 2024 fact discovery deadline. *See* Letter, Dec. 6, 2023 at 2, ECF No. 403. This latest request for an extension was ultimately granted, over the State Defendants' objections and despite the Court's stated "reluctance to grant any further extensions," because "the Court [was] persuaded that the unanticipated extraordinary accumulation of medical issues affecting counsel at both firms representing Plaintiffs warrants an extension." *See* Order, Dec. 13, 2023, ECF No. 40. Accordingly, the Court granted a two-month extension of the discovery schedule, pursuant to which the deadline to complete fact discovery was March 31, 2024. *Id.*

Significantly, as part of the justification for seeking that extension, Plaintiffs' counsel stated that she would be filing a motion to compel against the State Defendants before the upcoming December 2023 holidays. *See* Letter, Dec. 6, 2023. More than two months have passed since Plaintiffs' counsel made that representation, and no such motion to compel has materialized. Indeed, as of the date hereof, Plaintiffs' counsel has not even raised any issues or asked to meet and confer about any of the State Defendants' 2023 document productions. Indeed, in the two

months since their request for an extension was granted, Plaintiffs have not conducted any discovery in this case at all.

## II.    The February 14, 2024 Extension

On November 9, 2023, Plaintiffs requested permission to file a motion to compel against the City Defendants.[2] Letter, Nov. 9, 2023, ECF 399. The Court granted Plaintiffs' request, set a briefing schedule, and stated that "[t]he Court will schedule a hearing to discuss the issues raised in the briefing after briefing is complete." Order, Nov. 16, 2023. Plaintiffs and the City Defendants thereafter received several extensions of time to complete their briefing, and the hearing was scheduled for February 13, 2024.[3] *See* Notice of Hearing, Dec. 21, 2023.

Given this procedural posture, most of the February 13, 2024 conference was spent addressing Plaintiff's pending motion to compel against the City Defendants. During that discussion, Plaintiffs' counsel raised certain issues regarding discovery from the City Defendants and the possibility of an extension of the discovery schedule was raised. Since those issues had nothing to do with the State Defendants, we asked the Court to limit any discovery-schedule extension only as to the City Defendants. It was at that point that Plaintiffs' counsel stated that she intends to file a motion to compel against the State Defendants, more than two months after she first claimed that she was planning to do so by the December 2023 holidays. Plaintiffs' counsel did not and has not identified any substantive deficiencies with the State Defendants' productions, has not sought to meet and confer, and even struggled to answer when Your Honor asked how long she needed to file the motion. Your Honor ultimately gave Plaintiffs until March 1, 2024 to file their motion, and then extended the discovery schedule as to the State Defendants as well. *See* Order, Feb. 14, 2024, ECF No. 415. Pursuant to the new schedule, the fact discovery deadline as to all parties was extended by three months, from March 31, 2024 to June 28, 2024. *Id.*

The State Defendants now request that the Court reconsider its decision and return the fact discovery deadline as to the State Defendants to the prior date of March 31, 2024.

## III.    Reconsideration is Appropriate

Motions for reconsideration are justified where there is a need to correct a clear error or prevent manifest injustice, like undue delay. *See Peoples v. Fischer*, 898 F. Supp. 2d 618, 623 (S.D.N.Y. 2012) ("A motion for reconsideration may [] be granted to correct a clear error or prevent manifest injustice."). As discussed above, Plaintiffs' failure to take the Court's Orders seriously and their continued dilatory conduct has greatly prejudiced the State Defendants. *See generally Bartula v. Kurtz,* 2022 WL 4800550, at *3 (W.D.N.Y. Oct. 3, 2022) (noting that the continued delay of a lawsuit was inherently prejudicial to the defendant); *E.L.A. v. Abbott House, Inc.*, 2021 WL 3230686 at *2 (S.D.N.Y. July 29, 2021) (dismissing case for failure to prosecute

---

[2] The City Defendants are the New York City Department of Education, the New York City Board of Education, and the Chancellor of the New York City School District.

[3] The State Defendants understand that the Court's clerk contacted Plaintiffs and the City Defendants to schedule the date of the hearing. The State Defendants were not contacted (and only learned of the conference when the notice appeared on the docket), presumably because the motion at issue did not involve the State Defendants at all.

Hon. Robert Lehrburger  
February 22, 2024

Page **4** of **5**

where Plaintiff engaged in dilatory behavior and failed to comply with Court orders during the discovery phase of the lawsuit).

Plaintiffs' counsel's conduct is particularly inexcusable because as class counsel they are held to a higher standard. Under the Federal Rules, attorneys and law firms cannot serve as class counsel unless they are able to commit the resources necessary to represent the class. *See* Fed. R. Civ. P.23(g)(2) (The "court may appoint" class counsel "only if the applicant is adequate under Rule 23(g)(1) and (4)"); Fed. R. Civ. P. 23(g)(1)(A)(iv) (in appointing class counsel, the court must consider things such as "the resources that counsel will commit to representing the class"). Plaintiffs' counsel submitted a declaration to this Court, claiming that they met these standards. *See* Declaration, June 25, 2015, ECF No. 94. The declaration included Ms. Hyman's representation that she served as lead or co-counsel in over eight federal class actions and a nearly 70-page resume from her co-counsel, Robbins Geller Rudman & Dowd LLP. In the resume, Robbins Geller claims to be a 200-lawyer firm with offices in 10 cities. It reads: "The Firm's unparalleled experience and capabilities in" various fields "are based upon the talents of its attorneys, who have successfully prosecuted thousands of class action lawsuits and numerous individual cases." It lists scores of public funds, multi-employer clients, and international investors, including government organizations, among its clients. Today, it claims to have the most "prominent securities class action attorneys in the country." *See Securities Fraud*, Robbins Geller Rudman & Dowd LLP, https://www.rgrdlaw.com/services-litigation-securities-fraud.html. And boasts on its website that it was recently awarded one of Law360's 2023 "Class Action Groups of the Year." *See* Rae Ann Varona, *Class Action Group of the Year*, Robbins Geller Rudman & Dowd LLP (Feb. 9, 2024), https://www.rgrdlaw.com/news-awards-Class-Action-Group-Of-The-Year-Robbins-Geller.html.

One of the key purposes of the Federal Rules' requirement that class counsel expend sufficient resources is to ensure that the personal circumstances of a few attorneys do not interfere with the prosecution of class actions. Indeed, as the Court noted three years ago, "The Court recognizes the reasons for the request and has granted previous requests based on those considerations, but they cannot continuously be invoked; indeed, parties to other complex litigations have managed to proceed apace and meet deadlines notwithstanding similar concerns." *See* Order, Feb. 16, 2021. It is for that reason that the Court explicitly directed the parties to "devote the requisite resources to this case." *See* Order, April 19, 2023.

It does not appear that Plaintiffs' counsel has heeded these directives. Despite the capabilities and accolades listed in the class counsel declaration described above, Plaintiffs' counsel appears unable or unwilling to prosecute this decade-old case in a timely fashion, seeking extension after extension of the Court's more than generous deadlines over the course of many years. More recently, Plaintiffs' counsel claimed that the health issues of a single Robbins Geller attorney and the bereavement leave of a second-year associate at Ms. Hyman's firm made it impossible to comply with Court-ordered discovery deadlines. *See* Letter, Dec. 6, 2023 at 2. As the State Defendants expressed at the time, they are deeply sympathetic to the issues previously faced by Plaintiffs' attorneys, but as class counsel, they must be able to devote the resources necessary to prosecute this case on behalf of the class in accordance with the Court's orders. And Plaintiffs' latest extension – which the State Defendants now ask the Court to reconsider – was not accompanied by any justification at all. Indeed, Plaintiffs still have not explained why they failed to conduct *any* discovery in this case in the two months since their December 2023 request for an

Hon. Robert Lehrburger  
February 22, 2024

Page 5 of 5

extension of the discovery schedule was granted. Thus, the extension of the fact discovery deadline from March 31, 2024 to June 28, 2024 was not supported by any circumstances at all, much less "good cause" or "extraordinary circumstances." *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Order, Feb. 16, 2021 ("No further extensions absent extraordinary circumstances."); *see also Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party.").

The fact that Plaintiffs' counsel cannot "manage to proceed apace and meet deadlines" (Order, Feb. 16, 2021) in this case has severely prejudiced the State Defendants, and constitutes manifest injustice. We therefore respectfully request that the Court move the fact discovery deadline as to the State Defendants back to March 31, 2024, so that we can finally bring this eleven-year old lawsuit to a close.

The State Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/
Samuel Martin  
Elyce N. Matthews  
Assistant Attorneys General  
(212) 416-8910

Cc: Counsel of Record (via ECF)

---

The request for reconsideration is denied. The State Defendants have not raised anything new or previously overlooked by the Court. While the State Defendants claim great prejudice from the three-month extension necessitated principally by the City Defendants' discovery failures, there would be far greater prejudice to the class members if the extension were denied. That said, as State Defendants aptly point out, and as the Court previously has emphasized, class counsel has the responsibility to devote the resources necessary to properly represent the class. The extension may not be used to broaden discovery but rather only to address existing document discovery issues, take depositions if any, and issue requests for admission if any. Notwithstanding the Court's "last and final" directive in June 2023 (Dkt. 392), which fell by the wayside due to unforeseen medical and other issues, the **June 28, 2024 deadline is last and final as to all parties** and will not be excused under any circumstances, whether foreseen or not.

SO ORDERED:

2/23/2024

HON. ROBERT W. LEHRBURGER  
UNITED STATES MAGISTRATE JUDGE