# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/2024

February 29, 2024

VIA ECF
The Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> The State's points are well taken about the time Plaintiff has had with the recently-produced documents, and the belated timing for the request for an extension. However, because Plaintiff's proposal does not extend the overall briefing period or compromise the State's time to respond, the extension is granted. Motion to compel due March 5, 2024; State opposition due April 5, 2024; reply due April 15, 2024. SO ORDERED:
>
> 2/29/2024
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

Re:   *M.G., et al. v. NYC Dep't of Educ.*, 13-cv-4639 (SHS)(RWL)

Dear Judge Lehrburger:

Plaintiffs write to request a short four (4) day extension of time – from March 1, 2024 to March 5, 2024 – for the deadline to file their motion to compel the State Defendants' production of documents. Correspondingly, the State Defendants' opposition would be extended from April 1, 2024 to April 5, 2024, with the deadline for Plaintiffs' reply remaining at April 15, 2024, as originally scheduled. Thus, the proposed extension will have no impact on the deadline for the motion to compel to be fully briefed, will not delay the larger discovery schedule, and will not prejudice Defendants. The reason for this request is as follows.

At the Court conference held on February 13, 2024, Plaintiffs advised Your Honor they could file their motion to compel by March 1, 2024, which would have allowed for sufficient time to complete review of the State Defendants' production as of that date. However, on February 16, 2024, two days after Your Honor issued the order setting the motion schedule (ECF No. 415) – and without any notice to Plaintiffs or the Court that the additional production would be forthcoming – the State Defendants made a supplemental production of 7,159 pages. The State Defendants' production was not cross-referenced to Plaintiffs' specific requests nor produced as maintained in the ordinary course of business. The documents are not organized by custodian, date or topic and have taken significant time to review.

We determined yesterday that we needed some additional time to complete the motion and requested Defendants' position on our requested extension. The City Defendants consent to Plaintiffs' request. The State Defendants do not consent and requested that we include the following: "There is no reason why the State Defendants' February 16 production should change the basis of Plaintiffs' motion, which they claimed would be ready in December 2023. The February 16 production was only a few hundred documents out of the tens of thousands already produced, and are the same sorts of documents. Also, the February 16 production was made two weeks before the motion-to-compel deadline and three days after the conference when the Court

set that deadline, so Plaintiffs have had plenty of time to include its contents in their motion. Plaintiffs give no explanation for waiting two weeks after the production was made and less than two days before the motion is due to request the extension. Finally, Plaintiffs have already received innumerable extensions in this case, which has delayed the case to the prejudice of the State Defendants."[1]

Accordingly, Plaintiffs respectfully request a very short extension of four (4) days to file their motion. As discussed above, this extension will not impact the original deadline for the fully briefed date of Plaintiffs' motion and thus there is no prejudice to any party.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Elisa Hyman*

_____
Elisa Hyman, Esq.

cc: Counsel of record

---

[1] The Plaintiffs, children with disabilities and their parents, dispute that the State Defendants have been prejudiced by any extension in this case concerning discovery.