USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.G., et al.,

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION, et al.,

Defendants.

13-cv-4639 (SHS) (RWL)

**ORDER ON MOTION TO COMPEL (DKT. 429)**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiffs' motion at Dkt. 420, which has been fully briefed, to compel the State Defendants to produce additional documents. The motion is granted in part and denied in part.

**A. General Issues**

Before discussing Plaintiffs' specific issues, the Court addresses some of the arguments raised by the State Defendants in opposition to the motion that go to the propriety of the motion.[1]

First, as State Defendants correctly assert (Dkt. 428 at 6-7), the Court previously determined that, with respect to non-ESI material responsive to discovery requests issued before September 14, 2020, the State Defendants fulfilled their discovery obligations, having represented "that they ha[d] not," as of then, "located any other responsive documents; ha[d] not 'withheld any responsive materials on the basis of privilege or

[1] To the extent not discussed herein, the Court has considered all of Plaintiffs' and Defendants' arguments and found them to be either moot or without merit.

otherwise'"; and ha[d] "produced all documents in their possession, custody, or control that they deem responsive to Plaintiffs' discovery requests." (Sept. 16, 2020 Order at Dkt. 316.[2]) Unless otherwise noted below, Plaintiffs' motion is therefore denied with respect to any of State Defendants' non-ESI production in response to Plaintiffs' document requests prior to September 14, 2020, except insofar as the State Defendants have the obligation to update that discovery.

Second, the Court agrees with State Defendants that Plaintiffs have not satisfied their obligation to meet and confer with respect to the State Defendants' productions during 2023 and early 2024, instead arguing that doing so would not be productive and asking the Court to allow the parties to meet and confer after the Plaintiffs' motion to compel is fully briefed. (Dkt. 421 at 17.) Plaintiffs have not, however, provided a basis for the Court to conclude that meeting and conferring would have been futile. And, the procedure Plaintiffs propose reverses the order of events required by Fed. R. Civ. P. 37(a)(1) as well as this Court's Individual Practices No. II(D). Plaintiffs' "failure to meet and confer in good faith with opposing counsel is 'sufficient reason by itself to deny [Plaintiffs'] motion to compel.'" *Azzarmi v. Key Food Stores Co-Operative Inc.*, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) (quoting *Kaye v. New York City Health & Hospitals Corp.*, 2020 WL 7237901, at *10 (S.D.N.Y. Dec. 9, 2020)). Plaintiffs are correct that the Court granted Plaintiffs permission to file the instant motion; but the Court did not entirely excuse Plaintiffs form meeting and conferring to narrow or eliminate the issues.

[2] The Sept. 16, 2020 Order required follow-up confirmation by the State Defendants, which they provided on September 30, 2020. (*See* Declaration of Elisa Hyman filed March 5, 2024 at Dkt. 422, Ex. N.)

Accordingly, the Court will consider the issues presented and grant relief only if the Court determines that the interests of justice so require.

Third, State Defendants argue that Plaintiffs' motion is inexcusably untimely. They assert that Plaintiffs' motion comes close to the end of fact discovery and six months after the deadline for substantial completion of documents, and that Plaintiffs did not even signal their intention to move to compel until December 2023. (Dkt. 428 at 24-25.) The Court agrees that Plaintiffs could have proceeded more expeditiously. But the Court does not find the delay so egregious, or any prejudice to State Defendants so great, as to justify denying the motion on that basis.

Fourth, the Court does not agree with State Defendants that Plaintiffs list of purported deficiencies are insufficiently specific. (*See* Dkt. 428 at 11-14.) Plaintiffs set forth their specific concerns request-by-request in the lengthy table at Exhibit O to the Hyman Declaration. (Dkt. 422-15.) Although the table does not quote the requests and responses verbatim, the summary presentation is sufficiently informative and manageable, particularly when read in conjunction with the requests and responses, all of which are attached as exhibits to the Hyman Declaration. As discussed below, however, specificity does not save Plaintiffs' concerns from being speculative.

Fifth, State Defendants are correct that Plaintiffs do not affirmatively address relevancy and proportionality of each request. (Dkt. 428 at 16-17.) But it is not apparent whether State Defendants have withheld any documents on that basis. The absence of that information is due in part to Plaintiffs' failure to meet and confer, and, in part, to State Defendants not having provided that information to begin with (for post-September 14, 2020 requests). As stated above with respect to Plaintiffs' failure to meet and confer, the

Court will consider issues and grant relief where the Court determines that justice so requires.

The Court now turns to the specific issues raised by Plaintiffs.

**B. Compliance With Fed. R. Civ. P. 34**

Plaintiffs raise several concerns about State Defendants' compliance with particular aspects of Fed. R. Civ. P. 34. (See Dkt. 421 at 18-20.)

**1.** State Defendants represent that they have produced documents as they are kept in the usual course of business (notwithstanding Plaintiffs' characterization of the productions). Accordingly, State Defendants are not required to cross-reference their production to particular document requests. Fed. R. Civ. P. 34(b)(2)(E)(i). If, however, Plaintiffs have questions about particular documents or types of documents that they either cannot locate within the State Defendants' production (whether before or after September 16, 2020) or for which they cannot match attachments to parent documents, they may pose an appropriate request to State Defendants, and State Defendants shall reasonably cooperate in identifying for Plaintiffs where the material can be found within the production.

State Defendants apparently have not provided metadata for their ESI production. Plaintiffs assert that producing metadata is "industry-standard" but do not cite any agreement between the parties that they each would produce metadata (although Plaintiffs in fact did so). The absence of metadata impedes Plaintiffs' ability to review, evaluate, and make use of State Defendants' production. Plaintiffs' production of metadata provides the State Defendants with an unfair advantage. Accordingly, State Defendants must produce the metadata for their ESI production or, by April 24, 2024, file

an affidavit or declaration from someone with personal knowledge, providing specifics, as to why it would be unduly burdensome to do so.

**2.** To the extent they have not already done so, State Defendants shall, with respect to both pre- and post-September 16, 2020, document requests, (i) identify any document requests for which they do not have possession, custody, or control over any responsive documents, regardless of whether they have objected to the request; and (ii) describe what responsive documents, if any, they are withholding on the basis of any objection other than privilege or work-product protection, *see* Fed. R. Civ. P. 34(b)(2)(C).

**3.** State Defendants shall provide an affirmative representation to Plaintiffs when State Defendants' document production is complete.

**C. Boilerplate Objections**

Plaintiffs fault State Defendants for certain "boilerplate" objections and not having provided information about State Defendants' process for searching for responsive documents. (Dkt. 421 at 21.)

**1.** Plaintiffs complain about State Defendants' not having disclosed the methodology used to search for responsive documents. Although transparency of search methods is to be encouraged, State Defendants had no obligation to provide such information, and the Court finds no adequate factual basis to require State Defendants to do so in the instant circumstances. *See Haroun v. ThoughtWorks, Inc.*, No. 20-CV-0100, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) ("Ordinarily and traditionally, counsel is not required to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request") (internal quotation marks and citation omitted); *Brown v. Barnes and Noble, Inc.*, 474 F. Supp.3d 637, 644 (S.D.N.Y. 2019),

("nothing in Rule 26(g) obligates counsel to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request.") (internal quotation marks and citation omitted), *aff'd* 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020). The Court is not persuaded, as Plaintiffs contend, that State Defendants misrepresented the extent of their non-ESI production as of September 2020. Rather, as State Defendants point out, their later productions in large part consist of ESI material that was not the subject of earlier representations. (Dkt. 428 at 5.)

**2.** Given the nature, number, and breadth of the requests advanced by Plaintiffs, the Court finds no fault in State Defendants' objection that they will not search for documents responsive to a particular request "beyond what they have agreed to search for in response to other Requests." Moreover, Plaintiffs have not identified which specific requests are implicated.

**3.** The Court agrees with Plaintiffs, however, that State Defendants' objection "on the grounds that [the Request] seeks outdated or irrelevant information or documents because of recently enacted legislation or forthcoming regulations concerning ABA licensure" is dubious. State Defendants' objection is overruled. That said, State Defendants represent that they have produced responsive documents both pre- and post-amendment. (Dkt. 428 at 21 and n.12.) The disputed objection is therefore moot.

**D. Specific Document Requests**

**1.** Plaintiffs' Exhibit O (Dkt. 422-15) sets forth the specific requests that are the subject of Plaintiffs' motion. The table is 27 pages long. The first 16 pages concern requests pre-dating September 14, 2020. Accordingly, for the reasons stated above, the

motion is denied with respect to those requests, except to the extent that the State Defendants must comply with their obligation to update discovery.

**2.** Most of Plaintiffs' assertions about each of the post-September 14, 2020 requests (i.e., requests served on December 21, 2020) are based "upon information and belief" that the State Defendants produced no, or not all, documents responsive to the particular request. Those assertions are speculative and contrast with the particular, non-speculative assertions made by Plaintiffs in response to a handful of other requests. *See, e.g.*, Ex. O Request 82 ("Further, it is clear from the State Defendants' production that the records that they produced were not the totality of the hearing officer decisions concerning ABA during the relevant period"); Request 98 ("In fact, it is known to Plaintiffs that NYSED has issued clarification about use of such aides on ABA teams, which the State Defendants have not produced"); Request 150 ("While the State Defendants have produced documents reiterating that ABA is neither a related nor special education service, they have failed to produce any document concerning whether ABA may fit on the continuum or why ABA does not qualify as a special education or related service"). In most instances, Plaintiffs do not even articulate the basis for their information and belief. Such speculation is not a sound basis for a motion to compel. *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 436 (S.D.N.Y. July 1, 2011) ("Mere speculation as to the existence of additional documents is insufficient to warrant an order to compel"); *accord Mirmina v. Genpact LLC*, No. 3:16-CV-614, 2017 WL 3189027, at *2 (D. Conn. July 27, 2017) (collecting cases).

The motion is therefore denied with respect to all requests for which Plaintiffs invoke "information and belief" but without prejudice to renewal if, as a result of deposition

testimony, Plaintiffs learn that the State Defendants are in possession, custody, or control of responsive documents that should have been produced. As to the handful of requests not based on information and belief or similar speculation, the parties shall meet and confer to resolve the issue.[3]

**3.** For several requests, Plaintiffs assert that the State Defendants' not having cross-referenced their productions with the specific requests to which they are responsive has impeded Plaintiffs' ability to determine if the State Defendants have met their discovery obligations. As set forth above, the Court has directed State Defendants to (i) cooperate with Plaintiffs in identifying particular documents or types of documents within the State Defendants' productions; (ii) identify any documents that the State Defendants are withholding on the basis of an objection other than privilege or work product; and (iii) identify any requests for which the State Defendants do not have possession, custody, or control of responsive documents. Those obligations are sufficient to address the Plaintiffs' impediment claims.

**E. Privilege Log**

Plaintiffs request that the State Defendants provide a log of documents withheld on grounds other than attorney-client privilege or attorney-work product. (DKt. 421 at 20.) The State Defendants agree to provide such log. (Dkt. 428 at 24.) Accordingly, State Defendants shall do so.

[3] State Defendants identify several instances in which Plaintiffs' assertions about documents not produced are simply incorrect. (Dkt. 428 at 15-16.) While that is not a basis to deny the motion in its entirety, it underscores the importance of meeting and conferring about items that appear to be missing but in fact have been produced.

To the extent not granted above, Plaintiffs' motion to compel is denied. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 420.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 17, 2024
New York, New York

Copies transmitted this date to all counsel of record.