```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                              Docket #13cv4639
 M.G., et al.,                            :

                        Plaintiff,        :

  - against -                             :

 NEW YORK CITY DEPARTMENT OF              : New York, New York
 EDUCATION, et al.,                         May 16, 2024
                                          :
                        Defendants.

--------------------------------------- :


                    PROCEEDINGS BEFORE
             THE HONORABLE ROBERT W. LEHRBURGER,
               UNITED STATES MAGISTRATE JUDGE
```

For Plaintiffs:         THE LAW OFFICE OF ELYSA HYMAN, PC
                        BY:  ELISA HYMAN, ESQ.
                        1115 Broadway, 12th Floor
                        New York, New York 10010

                        ROBBINS GELLER RUDMAN & DOWD, LLP
                        BY:  DAVID ROSENFELD, ESQ.
                            AVITAL MALINA, ESQ.
                        58 South Service Road, Suite 200
                        Melville, New York 11747

For City Defendants:    NEW YORK CITY LAW DEPARTMENT
                        BY:  DANIEL PEREZ, ESQ.
                        100 Church Street, Room 6-188
                        New York, New York 10007



Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

APPEARANCES (CONTINUED):

For State Defendants:     NEW YORK STATE OFFICE OF THE
                            ATTORNEY GENERAL
                          BY:  ELYCE MATTHEWS, ESQ.
                               SAMUEL MARTIN, ESQ.
                          28 Liberty Street
                          New York, New York 1000

3

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross | Court |
|---------|--------|-------|-----------|----------|-------|
| none | | | | | |

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|
| None | | | | |

PROCEEDINGS                    4

THE COURT:  We are here for M.G. v. New York City DOE and others, 13cv4639 for a conference. Counsel, please put in your appearances starting with plaintiffs.

MS. ELISA HYMAN:  Good afternoon, Your Honor, Elisa Hyman, co-counsel for the plaintiffs.

THE COURT:  For the City.

(interposing)

THE COURT:  Oh, wait, hold on.  I'm sorry. I'm sorry, hold.  Who else is appearing for the plaintiffs?

MR. DAVID ROSENFELD:  You have David Rosenfeld and Avital Malina both from Robbins Geller on behalf of the plaintiffs.

THE COURT:  My apologies.  All right, the City.

MR. DANIEL PEREZ:  This is Corporation Counsel Daniel Perez for the City defendants.

THE COURT:  And for the State.

MS. ELYCE MATTHEWS:  Elyce Matthews and Sam Martin from the Attorney General's Office for the State.

THE COURT:  All right.  So we have just had some ex parte discussions as previously planned, but as

PROCEEDINGS                    5

everyone knows, I did want to discuss discovery timing a bit, and I am doing that on the record with everyone present. Because during our discussions before that, there were concerns expressed by the plaintiff about the state of discovery and the City's plan to potentially provide some admissions and whether those would obviate the need for some discovery and the consequence that might have or the feasibility of conducting depositions at the same time that all the document admission issues are being sorted out.

And having considered that, the Court does have concerns about that, as discussed with everyone, that it would be appropriate to proceed in an orderly fashion, and that while the Court a second time previously said there would be no further extensions of discovery, at this point the state of discovery by the parties necessitates an extension of some sort that will be limited in terms of what is encompassed. And here is – I want to tell you what I am proposing, and then I'll allow you each to comment.

So right now the cutoff for fact discovery for everyone is June 28. I proposed that the City provide its, whatever admissions it's going to provide and is volunteering to provide by May, by the end of – well,

PROCEEDINGS                        6

let's see.  You said you could have it in a week you think, was it, Mr. Perez?

MR. PEREZ:  That's correct, Your Honor.

THE COURT:  All right, so let's say by the 23rd.  And I will leave June 28 as the cutoff for all document discovery which is the current deadline anyway, and the point of that is so that the City can provide whatever it's going to produce that it's obligated to produce that it hasn't produced.  And if they fail to produce in a fashion that meets the requisites of what has to be done, as I've said before, there will be potential sanctions if warranted that could result in adverse inferences and, in fact, adverse findings of that.  But I think it is healthy to have some period of time between when the City has provided its admissions that it is volunteering and an opportunity to have those discussed a bit perhaps to see if between the parties, particularly with plaintiffs, it might narrow anything the City would otherwise have to do.  But unless and until that happens, the City's under a continuing obligation to meet its discovery obligation.

And then August 28 would be the date for completing all depositions, and those are the dates as

PROCEEDINGS                        7

I see them.  Ms. Hyman, what's your view?

MS. HYMAN:  Well, as I expressed, I do think it would be necessary to have some kind of clear cutoff for the documents and the admissions because otherwise we would have to take depositions on all issues, even issues that are not going to be disputed after some of the admissions occur.  So I am in favor of having a period of time that we could focus on any disputed issues following the production of documents.

My only strong concern just in terms of the length of the deadline and the timing is that the entire school system shuts down in the middle of August, and that's the only time that the - a lot of school people are away during the summer because of this situation, and then the August, the end of August is either the only time those, the administrators get to go away and then the rest of the time they're scrambling to get school back in session.  So just my concern with that exact extension piece is I think it might be very challenging, not to advocate on behalf of the City and the State, but I think that particular deadline might be extremely challenging and would, you know, interfere with a lot of the plans of the people, you know, who might end up getting deposed.  And if

PROCEEDINGS                        8

there's any way it could be the end of September, at least it would allow them to go away or do whatever they're planning to do because I think otherwise they would not, you know, a lot of people probably are planning to be away those last two, three weeks in August.

I mean it's not for me, I'm not planning it, but I'm just thinking of the administrators and the people that would be stuck in depositions.

THE COURT:  Mr. Perez, your view on the dates I've proposed.

MR. PEREZ:  We are - I'm just confirming with my colleague here as far as - we are appreciative of the additional time.  We wouldn't be opposed to it being, if the deadline for deposition would be sometime during September for the reasons that Ms. Hyman has referenced.  But other than that we are, we have no opposition.

THE COURT:  And, Ms. Matthews, your view.

(pause in proceeding)

MS. MATTHEWS:  I'm sorry about that, I was trying to find my button.  Your Honor, you know, as we said in the last conference, we believe any extension that Your Honor (indiscernible) should apply only as to

the City, documents or depositions.  Plaintiffs have had ample time to, have had ample time to depose the employees.  We've been substantially completed since September, and the last document production we made was in December.  They've had over six months with our documents.  They deposed a single employee, and we do have a final document production.  It is fewer than 500 documents.  It is not a significant production and should not in any way have delayed depositions in this case.  They have tens of thousands of documents in their possession for the last number of years, and the State should not be prejudiced by the (indiscernible) of other parties here.

         To the extent something comes out in further discovery that requires, that implicates the State and the plaintiffs want to meet and confer about that, you know, we can maybe consider that.  But this seems that the plaintiffs are being rewarded with more time, and the City is being rewarded with more time for failing to comply with the Court's orders.  We're waiting until the last minute once again.  The State has worked so hard to comply with all of the orders over the last several years.

         And I understand the parties', you know,

PROCEEDINGS                     10

position about the school system shutting down.  I would remind Your Honor that we run into this issue, this alleged issue – for the last, since I've been on the case since 2018 this has come up, and we have had discovery extensions over the summer.  There are how many lawyers on this case, we have to get this case done, and, you know, moving it into September and then the filings happen and then we run into that and we run into the holidays, and it happens over and over again.

So we are ready to finish discovery by the end of June, and we would ask that any extension here applies only to the City, if Your Honor even grants an extension.  But, you know, fact discovery, all fact discovery as to the State should close on June 28.

MS. HYMAN:  Your Honor, could I just be head in response?

THE COURT:  Yes, but not yet.  Ms. Matthews, just explain how would the State be prejudiced by this particular extension?  Since all it's doing would be allowing for more orderly rollout of knowledge through admissions and documents and then taking depositions even if the State is not necessarily at fault.  Although I know Ms. Matthews is going to point out that I think should has a different view on the timing of

PROCEEDINGS                    11

the State's productions.  But put that aside, what's the prejudice?

MS. MATTHEWS:  Well, it is additional time and additional resources by this office and by our client, and I think it is hypothetical that the documents the City may produce or the admissions they may make will implicate the State in any way.  It could be that these documents in no way implicate our client, and we are, again, continuing to extend the deadlines for no reason as against the State

THE COURT:  Well, all this would mean, well, there would be a reason which is that the plaintiffs need information from the City potentially in order to be able to ask informative questions of the State, and the extension here really would just be extending the runway for the depositions of State witnesses that would be taken anyway just in a longer period.  Again, I'm just not sure what the prejudice is.  Obviously, the longer litigation goes on is at some point prejudicial and God knows this case has gone on long enough, and that's why I previously set firm deadlines, and that's why here it's going to be very compartmentalized or cabined if you will.  But anyways – go ahead.

PROCEEDINGS                12

(interposing)

MR. MARTIN:  Your Honor, let's just say hypothetically a document comes out that the City produces and plaintiffs wanted to seek additional discovery from the State.  They serve additional document requests.  They claim that it's very important.  And let's say in that document, in the documents they're requesting, they're requesting additional student protected information.  So now the State is going to have to go back, collect additional documents, spend tens of thousands of dollars in State resources to do additional redactions or spend several months doing a FERPA waiver.  It's just going to extend, it's basically – there's a risk that we would be starting from scratch on discovery.

THE COURT:  No, no, no, that's, I understand the concern, but that's a separate issue that, you know, whether they're asking for more documents or not.  That seems to me separate from depositions.  Frankly, the prejudice, if you will, which isn't really prejudice, is that if the current deadline stands for the State, it will essentially avoid having depositions taken because the plaintiffs won't have what they need to do them and/or a plaintiff will go ahead and take

PROCEEDINGS                    13

them but not have complete information which could be a waste of everybody's time.

(interposing)

MS. MATTHEWS:  I'm sorry, the plaintiffs have never articulated that they cannot depose State employees without the City's documents.  We have been in this position for several years.  That has never ever come up.  That has never been the position.  They have had ample opportunity to take the State employees' depositions, and they haven't.

And I would just push back also on the idea of this just extends the runway.  Delay is prejudice to our client.  Delay itself is prejudicial when the case has gone on for this long and continues to go on with, you know, with a small light at the end of the tunnel but, you know, not as bright as I think we want it to be, to continue the metaphor.  But that delay is significant to our client.  It isn't just an extension here and an extension there, and it's no big deal.  It is a big deal from our perspective.

THE COURT:  Okay, I got it.  Ms. Matthews, you wanted to respond.

MS. HYMAN:  I think --

THE COURT:  I'm sorry, Ms. Hyman, my

PROCEEDINGS                    14

apologies.

MS. HYMAN:  No problem.  Well, I just want to note that there was a suggestion that plaintiffs have flouted the Court's orders and have caused the delay in the defendants' production, and I just want to state for the record that's not factually correct.  Also, it took the State almost three years to respond to our 2020 document request, and they did so on September 29 which was the last date of, that was supposed to be the date of substantial production.  That was the first time we received the response.

And as we noted in our motion, they produced over 120,000 pages of documents without any metadata which made it impossible to review in any reasonable way this production.  We only got the metadata after we had to engage in motion practice within the last few weeks.  And so it was we were able to review the initial production which was under 15,000 documents I think.  This most recent production that they made at the last, at the eleventh hour after holding back everything for multiple years, and I just want to note that during a large period of the case Ms. Matthews was on leave for I think almost six months, and we were not pressuring her during that time, you know, out of

PROCEEDINGS                    15

courtesy, and I think that to suggest that it's plaintiffs' fault that there's some delay in the case or that we're somehow, the plaintiffs are somehow benefitting from delay is just not accurate.

And to the extent that the City's runway for depositions is going to be extended, then the whole case gets extended anyway, it's not like we can move the State's portion of the case forward without completing this portion of the case.  And so we have been having these ongoing discussions about getting documents from the City for multiple years.  This motion was not the first time we raised deficiencies in the production.  It didn't come up before that we needed to know, you know, we assumed we would have documents before we started depositions or at least some reasonable amount of documents.  Now we're talking about admissions.

And there is a relationship between what the City might say and the issues in the case.  Like if the City says we would like to provide ABA but the State won't allow it or the State doesn't have funding, then that's going to necessarily implicate the need to take depositions on that point.

But I also, you know, I also don't see why the

PROCEEDINGS                    16

State wants to be in sweeping depositions about every single issue in the case before we've received documents and admissions. It's such an enormous waste of time which actually Ms. Matthews pointed out that she chastised us for, quote, "wasting time" at the most recent deposition because we didn't have all the documents relate to that witness that we had no way of obtaining them because there was no metadata produced, and we would have had to have a team of 40 reviewers somehow cross-referencing multiple documents that weren't even OCR readable.

So, you know, I just don't think that the State's position, you know, is really accurate or should be a reason that we don't proceed in a logical fashion so that we can figure out what the City's planning to do, finish the State's production, should just indicate, you know, we've been asking her for a while whether we're getting additional documents. This is the first time we've heard that there additional documents coming. I don't know what they are.

Your Honor's motion also directed us to take depositions about multiple categories of documents that upon information and belief we didn't think existed because we couldn't review the production that didn't

PROCEEDINGS                    17

have metadata and to meet and confer about items where we didn't have, you know, we didn't respond that it was upon information and belief.  So, you know, I don't think it's fair to say that there's no issues with the State's production at least from the plaintiffs' perspective.  I'm not saying, you know, that's at least an issue in dispute at the current time.

MR. MARTIN:  Your Honor, may I very briefly respond to a very specific thing?

THE COURT:  Sure.

MR. MARTIN:  First of all, plaintiffs not once ever asked us for the metadata before making their motion to compel.  We produced it right away.  And, second of all, the docket, many of the documents that Ms. Hyman is referring to that were, quote/unquote, "missing" was a production that we made last April that plaintiffs didn't even know about.  It came out during the deposition that we made a production in April that they had no idea existed.  That has nothing to do with metadata.  It takes a simple search of the Bates stamps, Your Honor, to see if documents are missing.

And on the point of delay, Your Honor, respectfully, you've actually made three orders stating that discovery would not be extended again, and each

PROCEEDINGS                    18

time something happens at the last minute where plaintiffs raise an issue, and discovery ends up getting extended.  So I just want to reiterate my colleague Ms. Matthews' request that the extension not be, not apply to the State defendants.

THE COURT:  Okay, I appreciate all that.  All right, here's what I'm going to do.  By May 23 the City will get to the plaintiffs their proposed voluntary admissions.  The document discovery from the City will be completed by June 28, all document discovery generally will be done, and depositions will be done by August 28.  If people need to avoid certain times during August, you'll just have to schedule around that, if you can come to that agreement.  I'm not trying to set an earlier date and leaving that open would just create other problems.

And in terms of the depositions, it really is only fair and reasonable that these depositions occur after any additional, not any, but most additional information is provided either through the form of admissions or compliance with discovery obligations, or if there's failure to comply with discovery, then adverse inferences or admissions by default.

So those are the dates, and you'll proceed,

PROCEEDINGS                    19

and that's what we're doing.  Any questions, any questions from the plaintiffs?

MS. HYMAN:  No, thank you, Your Honor.

THE COURT:  Any questions from the City?

MR. PEREZ:  No, Your Honor, thank you.

THE COURT:  Any questions from the State?

MS. MATTHEWS:  No, Your Honor, thanks.

THE COURT:  Let's be clear, this isn't imposing any additional obligation on anyone.  It is simply extending that runway which I get none of us want to do.  Unfortunately, that's where we are.  With that we are adjourned.  Thank you.

MS. HYMAN:  Thank you.

ATTORNEY:  Thank you.

(Whereupon the matter is adjourned.)

20

C E R T I F I C A T E

I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, M.G., et al. versus New York City Department of Education, et al., Docket #13cv4639, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.


Signature_____*Carole Ludwig*_____

Carole Ludwig

Date:  June 14, 2024