

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 13, 2024

**Via ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
New York, New York 10007

Re: *M.G., et al., v. N.Y. City Dep't of Educ., et al.*, 13 Civ. 4639 (SHS) (RWL)

Your Honor:

This Office represents Defendants the New York State Education Department ("SED") and the Commissioner of SED (collectively, the "State Defendants") in this matter. We write in opposition to Plaintiffs' letter motion to compel Rule 30(b)(6) testimony (ECF No. 445).[1] As set forth herein, Plaintiffs' Rule 30(b)(6) notice is improper in its entirety because, *inter alia*, it is overly broad and unduly burdensome, not proportional to the needs of the case, fails to describe the requested topics with reasonable particularity, seeks information that is not relevant to the case, and is duplicative of other discovery that was or could have been sought in this matter. In an effort to reach a good faith compromise, the State Defendants have offered to produce a witness to testify as to certain reasonable topics, which Plaintiffs have rejected out of hand. Plaintiffs' motion should therefore be denied.

***Relevant Background***

As the Court is aware, fact discovery in this matter, which has already been extended numerous times at Plaintiffs' request and over the State Defendants' opposition (*e.g.*, ECF Nos. 407, 415, 434), is scheduled to end on August 28, 2024. The State Defendants substantially completed their document production nearly a year ago, in September 2023, and made their last, minor production of documents nearly three months ago, in May 2024. Yet Plaintiffs waited until July 22, 2024, five weeks before the close of fact discovery, to serve a Rule 30(b) notice seeking testimony regarding 25 overbroad topics (many with multiple subparts, for a total of more than 40 topics). *See* ECF No. 445-1. On July 26, 2024, the State Defendants sent Plaintiffs a letter setting forth their objections to the Notice and offering to provide testimony regarding certain reasonable topics. *See* ECF No. 445-2. The parties met and conferred on August 1, 2024, and Plaintiffs served an Amended Notice the next day. *See* ECF No. 445-3. However, Plaintiffs failed to address the State Defendants' concerns, and continue to seek testimony regarding 25 overbroad, multi-part topics. Accordingly, on August 7, 2024, the State Defendants sent Plaintiffs a letter reiterating both their objections and their offer to provide reasonable testimony. *See* ECF No. 445-5. Plaintiffs filed the instant motion to compel the next day.

---

[1] Given the length of Plaintiffs' submission, which contains 61 pages including exhibits, as well as the limited time frame for their response, the State Defendants' request a *nunc pro tunc* enlargement of the Court's page limit from three to four pages.

***Applicable Standards***

Pursuant to Rule 26, all discovery requests, including notices pursuant to Rule 30(b)(6), "must seek information that is relevant and proportional to the needs of the case." *Beverley v. N.Y.C. Health & Hosps. Corp.*, 2024 WL 2125402, at *7 (S.D.N.Y. May 13, 2024). The party moving to compel discovery bears the burden of establishing that these requirements have been satisfied. *Id.* ("The party moving to compel bears the initial burden of demonstrating relevance."); *Ellis v. PB Ventilating Sys.*, 2023 WL 7179311, at *1 (E.D.N.Y. Nov. 1, 2023) ("the party moving to compel must demonstrate that its requested discovery is, as stated by Rule 26, proportional to the needs of the case") (citations omitted).

More specifically, Rule 30(b)(6) "deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Blackrock Allocation Target Shares v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017). In turn, "'reasonable particularity' requires the noticing party to describe the relevant subject areas with 'painstaking specificity.'" *Wilmington Trust, Nat'l Assn. v. Samcom 48 (DE) LLC*, 2022 WL 17977499, at *2 (E.D.N.Y. Dec. 28, 2022). Accordingly, where proposed 30(b)(6) topics "are vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics." *Id.* (citations omitted); *see also Blackrock*, 2017 WL 9400671, at *2 ("courts should scrutinize Rule 30(b)(6) notice topics for proportionality, burden and reasonable particularity to ensure that the responding party can select and prepare the most suitable witness and so that the topics do not engender abuse of the process by either party").

For the reasons set forth below, Plaintiffs' Amended Notice (hereinafter, the "Notice")[2] fails to satisfy the relevant standards. Their motion to compel should therefore be denied.

***The Notice is Improper in Its Entirety***

As further described above, after receiving several extensions of the fact discovery deadline, Plaintiffs inexplicably waited until just a few weeks before the conclusion of fact discovery to seek 30(b)(6) testimony regarding dozens of overbroad topics. This unreasonable delay alone renders the Notice improper. *See Compunnel Software Grp. v. Gupta*, 2018 WL 10604120, at *1 (S.D.N.Y. Jan. 11, 2018) ("Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date… Moreover, discovery requests which are served too late in the discovery period to allow for a timely response may be disallowed.") (citations omitted). The content of the Notice is also improper for several reasons.

As an initial matter, the time period of nearly 15 years that Plaintiffs propose to apply to every topic in the Notice is unreasonably broad and burdensome on its face. Witnesses simply cannot reasonably be expected to prepare for and answer questions about 15 years of meetings, site visits, monitoring, assessments, assistance, analyses, policies, procedures and practices, yet that is exactly what the Notice purports to require (*e.g.,* Topics 1-4, 13-19, 22-23). *See Sahu v. Union Carbide Corp.*, 528 Fed. Appx. 96, 103 (2d Cir. 2013) (district court properly denied request for 30(b)(6) depositions that "would require Defendants to prepare witnesses to respond to questions regarding events that took place between fifteen and thirty-five years ago"). Moreover, Plaintiffs entirely fail to explain how or why 15 year-old information is even remotely relevant to the matters at issue here. *See Winfield v. City of New York*, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018) ("[T]he topics should be substantively and temporally relevant to the claims or defenses.").

---

[2] The instant letter addresses the deficiencies of the Amended Notice because that is the most recent version promulgated by Plaintiffs. However, the objections set forth herein apply to the original Notice as well.

Beyond the improper time period, the Notice is "extraordinarily broad" and therefore fails to comply with Rule 30(b)(6), which "itself provides that the topics for a deposition must be described 'with reasonable particularity.'" *Dealer Computer Servs. v. Curry*, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013). Indeed, the language used by Plaintiffs in the Notice contains numerous textbook violations of the "reasonable particularity" requirement. *See, e.g., Winfield*, 2018 WL 840085, at *5 ("'[T]opics should not be listed as 'including but not limited to'; rather they must be explicitly stated."); *Wilmington Trust*, 2022 WL 17977499, at *3 (striking 30(b)(6) topics containing "any" and "all" as vague and overly broad); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying request for 30(b)(6) deposition to "explain the contents" of certain documents as "insufficiently particularized").

It is thus evident that the Notice was not drafted with any specificity, let alone the requisite "painstaking specificity." For example, Topic 9 seeks testimony regarding "the Innovative Waiver submitted by the City Defendants to NYSED concerning Special Education Teacher Support Services," despite the fact that most of those services are entirely unrelated to the matters at issue in this case. Similarly, Topics 10-11 seek testimony regarding "SEQA procedures, protocols and processes" for monitoring the City Defendants and Compliance Assurance Plans. But, as Plaintiffs are well-aware, SEQA monitors the DOE and issues Compliance Assurance Plans regarding numerous issues, the majority of which have nothing to do with this lawsuit. And Topic 22 appears to seek testimony regarding every possible data point – "any site visits conducted, reports drafted or reviewed, research reviewed, data reviewed and or complaints filed" – that even remotely relates to "the provision of Autism Services." Such essentially limitless topics, of which these are but a few examples, provide no conceivable basis by which a witness could be reasonably prepared to testify. *See Fung-Schwartz v. Cerner Corp.*, 2020 WL 5253224, at *2 (S.D.N.Y. Sept. 2, 2020) ("[A]ll four of the topics set forth in plaintiffs' Rule 30(b)(6) deposition notice were overbroad, disproportional to the needs of the case, and lacked the particularity necessary for defendants to select and prepare a suitable witness."). Moreover, much of the information encompassed by these overbroad requests is entirely irrelevant to the claims at issue. *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (denying request for 30(b)(6) testimony regarding topics that would be "irrelevant to any material fact issue in this case"). Plaintiffs have thus failed to satisfy their burden to show that the Notice seeks information that is relevant and proportional to the needs of the case.

In addition, Plaintiffs are improperly attempting to use Rule 30(b)(6) to seek information that was or could have been obtained via less burdensome discovery methods. *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) (Rule 30(b)(6) "depositions are inherently time-consuming and inefficient," and a should not be used where the information "could more easily be obtained from another source"). For example, Topic 20, which seeks information regarding the City Defendants' provision of various services to NYC students, is properly sought from the City Defendants, not SED. Moreover, Kathy Cummings, who was deposed in this action back in April, has already testified regarding Topic 10(b). *Powers v. Memorial Sloan Kettering Cancer Ctr.*, 2020 WL 5968126, at *3 (S.D.N.Y. Oct. 8, 2020) (quashing anticipated 30(b)(6) notice where "plaintiff can obtain this information through the depositions of other fact witnesses; and the deposition of a 30(b)(6) witness covering [those topics] is cumulative and not proportional to the needs of this case"). Significantly, aside from that single deposition taken several months ago, Plaintiffs have inexplicably failed to depose any other fact witnesses in this case, and their time to do so has passed.

Finally, Plaintiffs' request for information regarding the State Defendants' document production processes (Topics 24-25) is patently improper. *See Brown v. Barnes and Noble, Inc.*, 474 F. Supp. 3d 637, 644 (S.D.N.Y. 2019) (counsel is not required "to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request."). Plaintiffs

3

provide no justification whatsoever for seeking such "discovery on discovery." *Kaye v. N.Y.C. Health & Hosps. Corp.*, 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020) (when "a party seeks 'discovery on discovery,' that party must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*") (citations omitted). To the contrary, the Court has already rejected Plaintiffs' complaints about the State Defendants' document production, and explicitly ruled that the State Defendants have no obligation to provide Plaintiffs with their search methods. *See* ECF No. 432 at 5. The Court has also repeatedly ruled that the State Defendants' document production is complete. *See* ECF Nos. 442, 444. Thus, Plaintiffs' questions about the State Defendants' document production processes are not only improper, they are irrelevant. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2009 WL 3463912, at *2 (E.D.N.Y. Oct. 21, 2009) ("The Court declines to reopen discovery to allow Glenmark to conduct a fishing expedition, through 30(b)(6) witnesses, in the hopes of uncovering proof of some unproduced document.").

In sum, it is apparent that, rather than seeking appropriate 30(b)(6) testimony, Plaintiffs are improperly attempting to make up for their own repeated discovery delays by using Rule 30(b)(6) to conduct belated discovery regarding the entire case. *See Harger Da Silva v. N.Y.C. Transit Authority*, 2023 WL 8096925, *4 (E.D.N.Y. Nov. 20, 2023) (finding that "Plaintiff's Rule 30(b)(6) Notice was extremely broad and demanded that Defendants produce a witness or set of witnesses possessing factual knowledge relating to 11 general categories, 32 topics, and several subtopics, the majority of which could and should have been (and almost certainly was) explored during the over-five-year discovery timeline in this case, through both document and deposition discovery…On its face, Plaintiff's Rule 30(b)(6) Notice appears to be an effort to conduct discovery regarding the entire case rather than a targeted attempt to obtain information about [defendant's] organizational structures, policies and procedures.").[3] Such tactics should not be countenanced by this Court. *See City of Almaty, Kazakhstan v. Sater*, 2022 WL 10374082, at *3 (S.D.N.Y. Oct. 18, 2022) ("Courts must scrutinize Rule 30(b)(6) deposition topics to ensure they are not a tool for abuse of the discovery process.").

For the reasons set forth herein, Plaintiffs' motion to compel should be denied. In the interest of compromise, SED remains willing to provide Rule 30(b)(6) testimony regarding the following reasonable topics: (i) SED's current guidance regarding the NYC DOE providing ABA services, 1:1 instruction, extended day, and/or home-based services to children with IEPs; (ii) New York State's current defined Continuum regarding where CSEs may place students with disabilities; (iii) New York State's current Mandatory IEP Form; (iv) SED's current guidance regarding Special Education Services provided after school, Special Education Services recommended on an IEP to be provided after school, Special Education Services recommended on an IEP to be provided at home, Extended School Year services, and/or Extended School Day services; and (v) SED's current policies and procedures regarding licensing and/or certification pursuant to N.Y. Educ. Law § 8800, et seq.

---

[3] Indeed, in their Notice, Plaintiffs state that they intend to issue an additional Rule 30(b)(6) notice "regarding the NPS claims" at some unknown time. *See* ECF No. 445-3 at 7 n.2. It is now less than three weeks before the conclusion of fact discovery, and no such notice has materialized. It appears that Plaintiffs will attempt to justify this latest delay by falsely asserting that the Court has extended discovery such that only "depositions not related to the NPS claims" must be completed by August 28, 2024. *See* ECF No. 445 at 1. Plaintiffs' blatant mischaracterization of the Court's recent order should be rejected. Contrary to Plaintiffs' assertion, the Court explicitly *denied* their request for a wholesale extension of discovery related to the NPS claims, and made painstakingly clear that the schedule was "adjusted solely as follows: (1) the City must complete production of documents by August 28, 2024; (2) Plaintiffs may take deposition discovery, *if warranted, solely to address new documents produced by the City*; any such deposition discovery must be completed by October 30, 2024. All other discovery is deemed completed." *See* ECF No. 442 (emphasis added).

We thank the Court for its time and attention to this matter.

                                            Respectfully submitted,

                                            _____/s/_____

                                            Elyce N. Matthews
                                            Sam Martin
                                            Assistant Attorneys General