

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL R. PEREZ**
Phone: (212) 356-0877
Fax: (212) 356-1148
danipere@law.nyc.gov
(not for service)

August 13, 2024

**BY ECF**
Hon. Robert W. Lehrburger
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *M.G., et al. v. NYC Dep't of Educ.,* 13-cv-4639 (SHS)(RWL)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, attorney for Defendants the New York City Department of Education ("DOE"), the New York City Board of Education, and former DOE Chancellor Carmen Farina (collectively, the "City Defendants") in the above-captioned matter. I write in response to Plaintiffs' August 12, 2024 letter motion (ECF No. 446; the "Motion") concerning Plaintiffs' July 17, 2024 Rule 30(b)(6) deposition notice to City Defendants (ECF No. 446-1; the "City Notice").[1]

**The City Notice**

Plaintiffs' City Notice consisted of 38 numbered topics (the "Topics"). Counting only subtopics enumerated in discrete paragraphs, the Topics encompassed 54 items; including all distinct subparts, the Topics include roughly 100 separate items. The Topics encompass a vast and overreaching array of subject matter covering, at a minimum, a fifteen-year period.[2] The already expansive subject matter encompassed by the discrete Topics is further expanded by the

---

[1] Plaintiffs included City Defendants' Judicial Admissions dated May 23, 2024 (ECF No. 435; the "Admissions") as Exhibit C to the City Notice (ECF No. 446-1) filed on the public docket. Pursuant to the Court's May 16, 2024 Order, the Admissions were filed under seal. *See* ECF No. 434. Accordingly, City Defendants respectfully request that the Court either strike or seal ECF No. 446-1.

[2] The City Notice also encompasses information dating to outside of the fifteen-year period but relating to that period. *See* City Notice at 5.

introductory Instructions that require, *inter alia*, that City Defendants' designee "have knowledge about the City Defendants' search for, collection, and production of documents concerning each of the Deposition Topics." City Notice at p. 5.

Beyond being extremely broad, the scope of the City Notice Topics is impermissibly vague and/or poorly delineated. *See DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 U.S. Dist. LEXIS 126008, at *5 (E.D.N.Y. Feb. 11, 2022) ("Where the topics are vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics."). For example, multiple Topics include phrases such as "including but not limited to" that expand, without restriction or qualification, the scope of the respective Topics beyond the subject matter expressly enumerated therein.[3] *See Mirlis v. Edgewood Elm Hous., Inc.*, No. 3:19-cv-700 (CSH), 2023 U.S. Dist. LEXIS 163107, at *6-7 (D. Conn. Sep. 14, 2023) ("Reasonable particularity requires the topics listed to be specific as to subject area and to have discernible boundaries. This means that the topics should not be listed as including but not limited to; rather, they must be explicitly stated." (internal quotations omitted)). In addition, as a further example, the City Notice includes Topics concerning Defendants' data management systems, drafted at an extremely high level of generality, which is altogether inappropriate for the technical nature of a Rule 30(b)(6) deposition regarding data management systems.[4] *See Winfield v. City of N.Y.*, No. 15-cv-05236 (LTS) (KHP), 2018 U.S. Dist. LEXIS 22996, at *22-23 (S.D.N.Y. Feb. 12, 2018) (noting that "Rule 30(b)(6)'s 'reasonable particularity' requirement necessarily must be enforced more strictly" in connection with data-systems depositions because the responding party must prepare its designee "adequately for highly technical questions").

The extraordinary breadth and inadequate definition of the City Notice Topics required substantial time to assess and respond to. In particular, the undersigned and DOE attorneys sought input from DOE operational personnel with respect to the Notice in connection with composing City Defendants' August 12, 2024 response to Plaintiffs (ECF No. 446-2; the "City's Response"). Certain programmatic staff necessary to the discussion of the City Notice have been out of the office for portions of the period since City Defendants received the Notice, a contingency that was plainly foreseeable to Plaintiffs. *See* Motion at 1 (acknowledging that "many of City Defendants' staff are usually away" in August). In short, the nature of the City Notice and Plaintiffs' timing of service hindered City Defendants' ability to circulate the City's Response prior to August 12, 2024. Moreover, considering, *inter alia*, the decisions cited above, City Defendants' objections to the breadth and obviously inadequate specificity of the Topics should not have surprised Plaintiffs. Indeed, the State Defendants had already complained of substantially identical deficiencies in the Rule 30(b)(6) Plaintiffs served on them (the "State Notice").[5]

Plaintiffs have provided no justification whatsoever for their decision to serve notices reflecting such straightforward failures to comply with Rule 30(b)(6)'s "reasonable

---

[3] *See* City Notice, Topics 6, 7, 16, 27 and 31.

[4] *See, e.g.*, City Notice, Topic 37 ("The SESIS information management system, including the problems with SESIS, the updates and changes made to SESIS, and the capacity of SESIS to generate reports and data.").

[5] Plaintiffs' suggestion that City Defendants' Response "simply parrot[s]" (Motion at 2) State Defendants objections' to the State Notice simply underscores Plaintiffs' pervasive and repeated failure to comply with the requirements of Rule 30(b)(6). Moreover, the similarity of Defendants' respective objections did not obviate City Defendants' need to independently assess the (substantially broader) City Notice and prepare its own counter proposal.

particularity" requirement; that such avoidable failures have provoked City Defendants' objections should hardly be surprising. Plaintiffs further fail to justify serving the (obviously deficient) City Notice at any point before the evening of July 17, 2024: Nothing prevented Plaintiffs from commencing negotiations with respect to the potential scope of a Rule 30(b)(6) deposition prior to the close of non-NPS-related document discovery on June 28, 2024. Plaintiffs also fail to identify anything that prevented them from serving the City Notice between June 28 and July 17, 2024. If Plaintiffs wished to avoid or minimize disputes in connection with their attempts to depose a Rule 30(b)(6) designee, they could have drafted a Rule 30(b)(6)-compliant notice and served it well in advance of the close of fact–discovery.

Finally, Plaintiffs' claim that they lacked sufficient information to identify potential witnesses is baseless. First, Plaintiffs' unexplained claim that a DOE reorganization announced in June 2024 prevented them from identifying potentially relevant fact witnesses (Motion at 3, note 2) is belied by Plaintiffs' assertion that they require historical information relating to a roughly *fifteen*-year period beginning in January 2010. *See* City Notice at 5. Second, the documents exhibited to the City Notice alone contradict Plaintiffs' claim that they had no way of identifying potentially relevant DOE personnel. *See* City Notice, Exhibit D at 5 (identifying the DOE's Chief of Special Education), 7 (identifying the chair of Committee on Special Education 7). Moreover, Plaintiffs' counsel has case-specific discovery, including DOE organizational charts, and a deep knowledge of DOE personnel given her routine litigation against DOE. Plaintiffs' claim collapses under the most cursory scrutiny.

**Plaintiffs' Motion**

When speaking with Mr. Rosenfield and Ms. Malina yesterday morning, the undersigned arranged to meet and confer with Plaintiffs tomorrow, August 14, 2024, regarding the deficiencies in the City Notice before engaging in motion practice (in accordance with Section II.D of the Court's Individual Practices).[6] The City Defendants endeavor to productively meet and confer on the proposal listed in their August 12, 2024 letter. To this end, the City Defendants anticipate proceeding with the currently scheduled meet and confer tomorrow, notwithstanding Plaintiffs' filing of the Motion. The City Defendants do not, however, object to the Motion in so far as Plaintiffs seek a Court conference concerning the City Notice to discuss case management.[7]

If the Court does not wish to proceed with a conference regarding the City Notice, the City Defendants' respectfully request that the Court decline to compel the production of a Rule 30(b)(6) designee for a deposition prior to August 28, 2024, without affording the City Defendants an opportunity to further detail the City Notice's deficiencies in a subsequent submission to quash.

The City Defendants thank the Court for its consideration of the foregoing.

---

[6] The undersigned received Plaintiffs' counsel's initial email regarding the City Notice that Plaintiffs allude to in the Motion, *see* Motion at 2, at 5:32 PM on Friday, August 9, 2024.
[7] City Defendants reserve their right to address any motion for adverse inferences at the appropriate juncture.

                Respectfully submitted,

                      s/ Daniel R. Perez
                Daniel R. Perez
                Assistant Corporation Counsel