

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 14, 2024

**Via ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
New York, New York 10007

Re:   *M.G., et al., v. N.Y. City Dep't of Educ., et al.*, 13 Civ. 4639 (SHS) (RWL)

Your Honor:

This Office represents Defendants the New York State Education Department ("SED") and the Commissioner of SED (collectively, the "State Defendants") in this matter. We write to request a protective order quashing Plaintiffs' Rule 30(b)(6) notice, which purports to schedule a deposition for August 21, 2024. Although their motion to compel that very deposition has not yet been decided, Plaintiffs advised the State Defendants earlier today that they nevertheless intend to proceed with the deposition next week. Accordingly, the State Defendants must now seek a protective order.

As the Court is aware, fact discovery in this matter, which has already been extended numerous times at Plaintiffs' request and over the State Defendants' opposition (*e.g.*, ECF Nos. 407, 415, 434), is scheduled to end on August 28, 2024. The State Defendants substantially completed their document production nearly a year ago, in September 2023, and made their last, minor production of documents nearly three months ago, in May 2024. Yet Plaintiffs waited until July 22, 2024, five weeks before the close of fact discovery, to serve a Rule 30(b) notice seeking testimony regarding 25 overbroad topics (many with multiple subparts, for a total of more than 40 topics). *See* ECF No. 445-1. The notice purported to schedule the deposition for August 21, 2024 or "such other time and place determined by counsel." *Id.*

On July 26, 2024, the State Defendants sent Plaintiffs a letter setting forth their objections to the Notice and offering to provide testimony regarding certain reasonable topics. *See* ECF No. 445-2. The parties met and conferred on August 1, 2024, and Plaintiffs served an Amended Notice the next day. *See* ECF No. 445-3. The Amended Notice again purported to schedule the deposition for August 21, 2024 or "such other time and place determined by counsel." *Id.* However, Plaintiffs failed to address the State Defendants' concerns, and continued to seek testimony regarding 25 overbroad, multi-part topics. Accordingly, on August 7, 2024, the State Defendants sent Plaintiffs a letter reiterating both their objections and their offer to provide reasonable testimony. *See* ECF No. 445-5. Plaintiffs did not respond to the State Defendants' letter.

Instead, on August 8, 2024, Plaintiffs filed a letter motion seeking to compel the Rule 30(b)(6) deposition. *See* ECF No. 445. The letter stated that, "given the approaching deadline for the close of discovery in this action," Plaintiffs had opted to move to compel rather than wait for the State

Defendants to move for a protective order. *Id.* at 2. The State Defendants filed their opposition to Plaintiffs' motion to compel on August 13, 2024. *See* ECF No. 447. As shown in the State Defendants' opposition, the Rule 30(b)(6) notice is improper in its entirety because, *inter alia*, it is overly broad and unduly burdensome, not proportional to the needs of the case, fails to describe the requested topics with reasonable particularity, seeks information that is not relevant to the case, and is duplicative of other discovery that was or could have been sought in this matter. *Id.*

The Court has not yet issued any decision regarding Plaintiffs' motion to compel. However, on August 14, 2024, Plaintiffs advised the State Defendants that they nevertheless intend to move forward with the Rule 30(b)(6) deposition on August 21, 2024.[1] As a result, the State Defendants are now forced to burden the Court with a duplicative motion for a protective order on the same grounds already set forth in their opposition to Plaintiffs' motion to compel, which is hereby incorporated by reference.

Accordingly, for the same reasons set forth in their opposition to Plaintiffs' pending motion to compel, the State Defendants respectfully request that the Court issue a protective order quashing Plaintiffs' Rule 30(b)(6) notice. We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____/s/_____

Elyce N. Matthews
Sam Martin
Assistant Attorneys General

---

[1] It is evident that Plaintiffs have no legitimate basis for this course of action, as it would render their motion to compel entirely superfluous. Moreover, given that there has been no agreement or decision on appropriate topics, and therefore no witness has been identified much less prepared, Plaintiffs' counsel was unable to articulate exactly what would be accomplished by purporting to hold the deposition next week.