UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.G. and V.M., on behalf of themselves
individually and as next friends on behalf of their
child, Y.T., *ET AL.*,

                              Plaintiffs,

              v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, *ET AL.*,

                              Defendants.

13-Cv-4639 (SHS)

MEMORANDUM
ORDER

SIDNEY H. STEIN, U.S. District Judge.

Pursuant to Federal Rule of Civil Procedure 72(a), the New York State Education
Department ("SED") and its Commissioner (collectively, the "State Defendants") have
objected to Magistrate Judge Lehrburger's September 24, 2024 Order (ECF No. 467)
addressing the permissible topics for plaintiffs' Rule 30(b)(6) deposition of SED. (*See*
ECF No. 472.)

Following a timely objection to a magistrate judge's order, a district judge "must
consider timely objections and modify or set aside any part of the order that is clearly
erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).
"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant
statutes, case law, or rules of procedure, and is clearly erroneous if the district court is
left with the definite and firm conviction that a mistake has been committed." *Thai Lao
Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y.
2013) (internal citations and quotation marks omitted); *see also Bronx Household of Faith v.
Bd. of Educ. of City of N.Y.*, 331 F.3d 342, 349 (2d Cir. 2003) ("A finding is 'clearly
erroneous' when although there is evidence to support it, the reviewing court on the
entire evidence is left with the definite and firm conviction that a mistake has been
committed." (citation omitted)). Magistrate judges are "afforded broad discretion in
resolving discovery disputes." *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real
Est. Secs. Inc.*, No. 12-cv-7322, 2013 WL 6840282, at * 1 (S.D.N.Y. Dec. 27, 2013) (internal
citations and quotation marks omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d
672, 678 (S.D.N.Y. 2007) ("[A] magistrate judge's resolution of a nondispositive matter
should be afforded substantial deference and may be overturned only if found to have
been an abuse of discretion." (internal citations and quotation marks omitted)). This
standard is "highly deferential," and "[t]he party seeking to overturn a magistrate

judge's decision thus carries a heavy burden." *Thai Lao Lignite (Thai.)*, 924 F. Supp. 2d at 511-12 (internal citation and quotation marks omitted).

This Court has reviewed the parties' submissions, including the deposition notices at issue (ECF Nos. 472, 480) and the transcript of the September 24, 2024 discovery conference (ECF No. 468), and does not find that the State Defendants have demonstrated that Judge Lehrburger's Order is clearly erroneous or contrary to law.

The State Defendants contend principally that the Order "does not address the myriad deficiencies" in the deposition notice. (ECF No. 472 at 8.) But the Order is a summary of the decisions reached at the September 24 conference, in which Judge Lehrburger discussed the deposition topics at length with the parties, heard the arguments of the State Defendants, and—contrary to the State Defendants' characterization—imposed several limitations on plaintiffs' proposed topics. (*See* ECF No. 468.) Accordingly, because the Order is neither clearly erroneous nor contrary to law, the State Defendants' objections are overruled.


Dated:  New York, New York
        November 12, 2024


                            SO ORDERED:


                            Sidney H. Stein, U.S.D.J.

2