

**Office of the New York State**  
**Attorney General**

**Letitia James**  
**Attorney General**

March 27, 2025

<u>**Via ECF**</u>
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
New York, New York 10007

      Re:    *M.G., et al., v. N.Y. City Dep't of Educ., et al.*, 13 Civ. 4639 (SHS) (RWL)

Your Honor:

      This Office represents Defendants the New York State Education Department ("SED") and the Commissioner of SED (collectively, the "State Defendants") in the above-referenced matter. Per the Court's Orders of March 14, 2025 and March 20, 2025 (ECF Nos. 498, 500), we write jointly on behalf of all parties to set forth proposals for a post-fact discovery schedule. The parties' respective positions are set forth below.

**<u>State Defendants' Proposal for Post-Fact Discovery Schedule</u>**

      As the Court is aware, fact discovery in this case concluded on February 28, 2025. *See* ECF No. 490. Accordingly, on March 14, 2025, the State Defendants asked the Court to establish deadlines for the completion of expert discovery, if any, and the briefing of summary judgment motions. *See* ECF No. 497. The Court directed the parties to make a joint submission regarding a schedule by March 21, 2025, which was subsequently extended to March 27, 2025 at Plaintiffs' request. *See* ECF Nos. 498, 500. The parties have met and conferred and, pursuant to those discussions, the State Defendants have revised their proposed schedule as set forth below.

      Specifically, Plaintiffs have indicated that they intend to file an unspecified number of motions against the City Defendants regarding certain City-specific discovery issues, including a motion for adverse inferences, prior to dispositive motion practice. In order to keep both sets of defendants on the same dispositive motion schedule, the State Defendants' proposal incorporates a limited amount of time for Plaintiffs and the City Defendants to complete the briefing of these discovery issues. Given that Plaintiffs should have raised any such discovery issues months ago, as document discovery ended in June 2024 and fact discovery ended in February 2025, this belated motion practice between Plaintiffs and the City Defendants should not be permitted to delay the case any further.

Hon. Robert W. Lehrburger	Page 2 of 5
March 27, 2025

    In addition, both Plaintiffs and the City Defendants have indicated that they may seek to use expert discovery in this case (while the State Defendants only anticipate using rebuttal experts). The State Defendants have therefore incorporated an expert discovery schedule into their proposal.

    Finally, the State Defendants have attempted to accommodate the schedules of Plaintiffs' various attorneys whenever possible.[1] However, Plaintiffs are represented by two separate law firms in this action, one of which is a 200-lawyer firm. Accordingly, Plaintiffs should be able to comply with these deadlines even if one or two of their attorneys have other commitments at a particular time.

    Pursuant to these considerations, and in the interests of moving this decade-old case forward, the State Defendants' revised proposal for a post-fact discovery schedule is as follows:

- April 25, 2025: Deadline for Plaintiffs to file any discovery motion(s) against City Defendants
- June 6, 2025: Deadline for City Defendants to file opposition(s) to Plaintiffs' motion(s)
- June 20, 2025: Deadline for Plaintiffs to file reply
- July 28, 2025: Deadline for Plaintiffs to serve opening expert report, if any
- August 27, 2025: Deadline for Defendants to serve rebuttal reports and/or opening reports, if any
- September 10, 2025: Deadline for Plaintiffs to serve rebuttal report, if any
- September 26, 2025: Deadline to complete expert discovery, including expert depositions, if any
- January 3, 2025: Deadline for Plaintiffs to file summary judgment motion
- February 27, 2026: Deadline for Defendants to file summary judgment motions and/or oppositions to Plaintiffs' motion
- March 13, 2026: Deadline to for Plaintiffs to file opposition to Defendants' motions and/or reply
- March 27, 2026: Deadline for Defendants to file reply

    As noted below, the City Defendants consent to the State Defendants' proposed schedule. Plaintiffs, however, appear to object to the adoption of any schedule in this case at all. Per their position set forth below, "Plaintiffs believe that several outstanding issues should be resolved before such a schedule should be finalized." Yet Plaintiffs fail to explain why they have waited until now to raise these supposed issues, given that document discovery ended in June 2024 and fact discovery ended in February 2025. Indeed, it appears that Plaintiffs were content to let these issues remain unresolved indefinitely, and have only raised them now in an effort to prevent the adoption of a case management schedule. Plaintiffs' inexplicable delay should not be countenanced

---

[1] For example, when Plaintiffs noted that a particular proposed date coincided with the Passover holiday, the State Defendants moved that date to the following week.

by the Court. This case was initiated nearly twelve years ago. Now that fact discovery is finally over, it is hardly too much to ask that a post-fact discovery scheduled be adopted.

**City Defendants' Proposal for Post-Fact Discovery Schedule**

The City Defendants consent to the State Defendants' proposed schedule. The City Defendants also respectfully request that the Court decline Plaintiffs' request to schedule a conference with the Court at this juncture. As Plaintiffs note, the City Defendants have continued to engage in settlement discussions with Plaintiffs and remain interested in continuing those discussions, but City Defendants believe Plaintiffs and City Defendants would need to make substantial further progress before a settlement conference might prove fruitful.  In addition, City Defendants object to Plaintiffs' suggestion that they require yet another opportunity to seek further clarification regarding the City Defendants judicial admissions. Plaintiffs discussed the City Defendants' admissions with one of the City Defendants' Rule 30(b)(6) designees and Plaintiffs have not so much as alleged that the designee was unprepared to address the topic or even that they lacked a sufficient opportunity to discuss the topic (s*ee* ECF No. 495).

**Plaintiffs' Proposal for Post-Fact Discovery Schedule**

Following the submission of the State Defendants' letter to the Court, Plaintiffs have been working diligently to develop a proposed schedule for further motion practice and experts.  As set forth further below, Plaintiffs believe that several outstanding issues should be resolved before such a schedule should be finalized.  Defendants disagree.

*First*, Plaintiffs need time to ensure that the expert(s) that they need to retain will be available to meet the applicable deadlines.  While, throughout the pendency of this case, Plaintiffs had several experts in mind to ultimately engage, they were unable to engage them because no schedule for experts had yet been discussed.  As the Court is aware, a party would typically have more than one week or so to secure experts in a class action of this size.  Plaintiffs' counsel is continuing to work with their prospective experts to confirm schedules in response to the State Defendants' proposed schedule and the Court's Order, but have not yet been able to secure commitments.

*Second*, Plaintiffs are set to complete the City Defendants' 30(b)(6) deposition of Michelle Netzler on April 4, 2025.  This deposition bears on the extent to which Plaintiffs may require expert testimony for the Autism class claims.  Moreover, Plaintiffs also intend to make motion(s) for adverse inferences and will need additional time added to the schedule to account for such motion(s).

*Third,* Plaintiffs are still in the process of determining the extent to which separate expert submissions are necessary for Plaintiffs' Autism class claims and the NPS class claims.  Given that Plaintiffs believe that they do not need expert discovery for their NPS class claims, in the interest of efficiency, Plaintiffs have proposed bifurcating the discovery schedule for the NPS class claims and the Autism class claims.  Defendants have not consented to this proposal.

*Fourth*, Defendants' proposed schedule inappropriately contemplates Plaintiffs identifying experts and rebuttal experts before Defendants. This is highly atypical. Plaintiffs submit that any proposed discovery schedule should set the same deadline for all parties to identify affirmative experts and rebuttal experts and not forcing Plaintiffs to address Defendants' new experts in a short timeframe.

*Fifth,* Defendants' proposed schedule for summary judgment is not workable because Plaintiffs have not yet determined on which – if any – claims they may seek summary judgment. As such, Plaintiffs submit that the schedule should first set the deadlines for the cross-motions for summary judgment for the NPS Directive Class and subclass and thereafter set cross-motions for summary judgment for the Autism Services class.

*Sixth,* Defendants' proposed schedule is impractical because, as Defendants know, there are not many special education experts who are available in July. One of Plaintiffs' leading expert candidates is working as an expert in a litigation with the U.S. Department of Justice and cannot begin in earnest on this case until school is out in June. However, as noted above, Plaintiffs are trying to obtain clarification as to the availability of experts and require a reasonable amount of time to do so.

*Seventh,* Defendants' proposed schedule for Plaintiffs' discovery motions hits right in the middle of the Passover holidays in April and before the City Defendants' errata sheet on the 30(b)(6) depositions are due on May 4, 2025. Co-counsel David Rosenfeld and Avital Malina of Robbins Geller will be out of the office from April 10 through April 20, 2025 and Elisa Hyman has other case commitments and holidays throughout April.[2] While Defendants point out there are other attorneys at Robbins Geller, those attorneys are not familiar with special education law or the issues in this case and are not in a position to deal with case-specific discovery disputes or motions for summary judgment. Finally, as Plaintiffs have advised Defendants, their proposed summary judgment schedule conflicts with the Jewish holidays in the fall (September and October 2025). Summary judgment briefing involves tens of thousands of pages of records and Plaintiffs will require the support of all their counsel to file their motion(s).

*Finally,* the State Defendants' attempt to press for an unrealistic and expedited schedule is inappropriate given that, as the State Defendants are aware, the City Defendants and Plaintiffs have been trying to engage in settlement. In light of these considerations, Plaintiffs respectfully request that the Court hold a conference to clarify the City Defendants' positions on their judicial admissions so that the parties can continue their efforts to engage in settlement discussions efficiently.

For the reasons set forth above, Plaintiffs respectfully request that the Court allow Plaintiffs until April 11, 2025 to submit a proposed schedule. In the event the Court decides to So-Order a schedule now, Plaintiffs respectfully request that the Court consider the alternative schedule attached as Exhibit A, which addresses some (but not all) of Plaintiffs' objections and builds in flexibility for the unresolved issues.

---

2    Elisa Hyman is sole counsel on a foster case and special education damages matter, which is on a rocket docket and has conflicting deadlines in April 2025 during which time summary judgment is being litigated concerning on 14 years of claims.

Plaintiffs are prepared to address any questions or concerns the Court may have.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/
Elyce N. Matthews
Samuel Martin
Assistant Attorneys General
(212) 416-8910
Elyce.Matthews@ag.ny.gov

Exhibit A

**Plaintiffs' Proposed Schedule**

**May 20, 2025**

Deadline for Plaintiffs to file adverse inference/sanction discovery motion(s) .

**May 30, 2025**

Deadline for all parties to advise the other parties whether they plan to retain experts (other than rebuttal experts) with respect to each class (NPS Directive Class, Autism Services Class) and subclasses.  If no party plans to retain experts concerning any class claim, any party may move for leave to file a summary judgment motion concerning those claims.

**June 20, 2025**

Deadline for Defendants to oppose Plaintiffs' motion(s) for adverse inferences/sanctions.

**June 30, 2025**

Deadline for Plaintiffs to file reply in support of their motion for adverse inferences/sanctions.

**August 15, 2025**

Deadline for all parties to serve opening expert reports, if any.

**September 30, 2025**

Deadline for all parties to serve rebuttal reports, if any.

**November 30, 2025**

Close of expert discovery.

**January 15, 2026**[1]

Deadlines for all parties to file summary judgment motions and/or cross-motions, if any.

**February 15, 2026**

Deadline for all parties to oppose opening summary judgment motions/ cross-motions, if any.

**March 1, 2026**

Deadline for all parties to file their replies in support of their summary judgment motions and/or cross motions, if any.

---

[1] Plaintiffs were unable to propose an earlier schedule for the motions because we are unsure if the Defendants are going to assert that experts are needed for the NPS Directive Claims.