UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

M.G. and V.M., on behalf of themselves          :     Civil Action No. 1:13-cv-04639-(SHS)(RWL)
individually and as next friends on behalf of   :
their child, Y.T.; M.W., on behalf of herself   :     **DECLARATION OF ELISA HYMAN IN**
individually and as next friend on behalf of her :     **SUPPORT OF PLAINTIFFS' MOTION**
son, E.H.; A.D., on behalf of herself           :     **FOR SANCTIONS IN THE FORM OF**
individually and as next friend on behalf of her :     **ADVERSE INFERENCES AGAINST THE**
son, D.D.; N.S., on behalf of himself           :     **CITY DEFENDANTS**
individually and as next friend on behalf of his :
child, K.S.; E.H. 1, on behalf of herself       :
individually and as next friend on behalf of her :
child, E.H. 2; E.E.G., on behalf of herself     :
individually and as next friend on behalf of her :
son, Y.A.; A.G., on behalf of herself           :
individually and as next friend on behalf of her :
sons, S.B. and K.B., Individually and on Behalf :
of All Others Similarly Situated,               :
                                                :
                          Plaintiffs,           :
                                                :
          vs.                                   :
                                                :
NEW YORK CITY DEPARTMENT OF                     :
EDUCATION; NEW YORK CITY BOARD                  :
OF EDUCATION; RICHARD CARRANZA,                 :
in his official capacity as Chancellor of the   :
New York City School District; NEW YORK         :
STATE EDUCATION DEPARTMENT,                     :
COMMISSIONER MARY ELLEN ELIA, in                :
her official capacity as Commissioner of the    :
New York State Education Department,            :
                                                :
                          Defendants.           :

---------------------------------------------------------------x

I, Elisa Hyman, declare as follows:

1.      I am co-counsel for the Plaintiffs in the above-captioned action.

2.      I respectfully submit this declaration in support of Plaintiffs' motion, pursuant to Federal Rules of Civil Procedure 37(D)(1), for the sanction of an adverse inference instruction and to place before the Court the exhibits referenced in the accompanying memorandum of law.

3.      The Court issued two orders February 14, 2024 (ECF No. 415) and May 16, 2024 (ECF No. 434) ("2024 Orders").

4.      Since the 2024 Orders, and including the post-Cummings deposition production, the City Defendants have produced documents in Volumes 3-8, many of of which consisted of older documents and/or often irrelevant (or not centrally relevant documents).  Those documents included: print outs from the DOE's website, assistive technology policies and procedures, Periodic Assessment Selections Guides from 2017-18 and 2018-19, City Council Local Law Reports (also available online) for the 2016-2017 and 2017-2018 school years, 2017-2018 School-Age RSA Provider List, 2017-2018 Preschool RSA List, "Just Say Hi" Inclusion manual, The DOE's Standard Operating Procedures Manual from 2017, 2018 and 2019, a document entitled "3K and Prek For All Handbook," 2018 NYSAA Policy, 2018 Elementary School Academic Policy Guide, 2018 High School School Academic Policy Guide, 2018 Middle School Academic Policy Guide,  2018 Promotion and Graduation Requirements, Promotion Implementation Guide, Crisis/Descalation Memorandum, Extended School Year Services For July August 2019, Guide To Special Education Procedures For Students Attending Charter Schools (March 2019), SESIS Individualized Education Program Guide (April 2019),  various factsheets and guides for staff on how to use SESIS from 2017-2023, Guide To SLP Medicaid, Activities And Requirements For All Speech Providers 2018, A Shared Path To Success Division Of Specialized Instruction And

Student Support Academic Career And Essential Skills (ACES) Program Family Resource Guide, various 2019 guides on Turning Five Procedures, emails from Mia Gurley's emailbox concerning implementation of orders and NPS Directives, and documents (including emails) from the lawsuit entitled *L.V. v New York City Department of Education*, 1:03-cv-09917 that included charts of citywide implementation and hearing decisions for various types of cases including numerous cases of children who are not part of the class and, for those students who are part of the class, information was not produced along with their hearing records or any usable data or information, two book chapters concerning research on autism programming attached to emails concerning settlement negotiations in this action, printouts of the dropdown menu in SESIS, and emails about adding ABA to the DOE's SESIS encounter attendance system.

5.      City Defendants did not produce most of the documents at issue in the motion to compel that led to the 2024 Orders, including any of the following: updated data from SESIS, updated impartial hearing records, data on implementation of NPS Policy, contracts with NPS Programs, policies, procedures, or written guidance concerning: (a) ABA; (b) 1:1 instruction; (c) after-school services; (d) extended-day services; (e) home-based services (other than Home Instruction Schools information); (f) NPS Directive; (g) policies on vacancies for related services in NPS Programs; (h) issuance of RSAs to children in NPS Programs; (i) lists of public school and NPS Programs that provide ABA; (j) any student specific records concerning Section 504; (k) any student-specific records of class and subclass members (other than any brief references that may have been included in the LV Implementation documents); (l) documents and/or data to show employees and/or contractors were trained; (m) documents reflecting any policy, procedure or guidance on assessing children to determine whether they need ABA; (n) documents reflecting

- 2 -

evidence-based and/or research-informed practices; and (o) written policies concerning 20 U.S.C. §1415(j) ("pendency").

6.      With respect to the NPS Class claims, the City Defendants failed to produce the following records: (a) updated data concerning the number of children in NPS Programs; (b) types of related services for which the children in NPS are recommended; (c) records of the children recommended for NPS Programs (called "Defer to the Central Based Support Team or "CBST"); and (d) procedures and/or directives to the NPS Programs concerning Related Services at NPS Programs (including procedures for reporting vacancies for Related Services providers).  ECF No. 402, at 23.  Further, the City Defendants did not produce written policies to clarify the following with respect to NPS Programs: (a) a timeline for when make-up services were provided; (b) how many make-up services would be provided; (c) whose decision it would be as to whether the child's IEP mandates would be returned; and (d) whether notices were sent to the parents.  Further, the City Defendants did not produce documents showing the NPS Programs that provided 1:1 ABA services, or any after-school and/or extended day services, or 1:1 instruction.  *See* ECF No. 402 at 30.  Finally, the City Defendants failed to produce records in response to Plaintiffs' request for case files of children whose cases were deferred to the CBST for a nonpublic school.  ECF No. 402 at 29; Ex. A. ¶15, D ¶2.

7.      The following is a chart of the exhibits referenced in the accompanying memorandum of law, true and correct copies of which are attached hereto and some of which have been redacted:

| Exhibit | Description |
| --- | --- |
| A | City Defendants' School Allocation Memoranda No. 20 for the Fiscal Years 23, 24 and 25 |

| Exhibit | Description |
| --- | --- |
| B | Redacted Judicial Admissions filed by the City Defendants |
| C | Redacted Deposition Transcript of Michelle Netzler, City Defendants' 30(b)(6) witness dated February 18, 2025 |
| D | Redacted Deposition Transcript of Michelle Netzler, City Defendants' 30(b)(6) witness dated April 4, 2025 |
| E | Redacted Deposition Transcript of Michelle Netzler, City Defendants' 30(b)(6) witness dated April 18, 2025 |
| F | Redacted Deposition Transcript of Sapna Kapoor, City Defendants' 30(b)(6) witness dated February 26, 2025 |
| G | Redacted Deposition Transcript of Kevin McGinn, City Defendants' 30(b)(6) witness dated April 4, 2025 |
| H | Redacted Deposition Transcript of Alan Powers, City Defendants' 30(b)(6) witness dated February 26, 2025 |
| I | Deposition Transcript of Dinh LuBerio, City Defendants' 30(b)(6) witness dated February 13, 2025 |
| J | Deposition Transcript of Kathy Cummings, State Defendants' 30(b)(6) witness dated January 16, 2025 |
| K | Innovative Program Application Waiver for the SETSS Program (undated) |
| L | Letter dated November 1, 2023 from Liz Vladeck to Deputy Commissioner/Special Education Hearings Division Noel Garcia NYC Office of Administrative Trials and Hearings and General Counsel Dan Morton-Bentley, New York State Education Department |

I declare under penalty of perjury that the foregoing is true and accurate.  Dated this 20th day of May 2025 in New York, New York.

*/s/ Elisa Hyman*
ELISA HYMAN
