

**Office of the New York State Attorney General**

**Letitia James Attorney General**

June 13, 2025

> The request is denied as premature. As indicated by the order at Dkt. 502, the purpose of the May 30, 2025 disclosure was in aid of determining the timing for moving for summary judgment. Plaintiffs complied with the order.
>
> SO ORDERED:
>
> 6/24/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

<u>Via ECF</u>
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
New York, New York 10007

Re:   *M.G., et al., v. N.Y. City Dep't of Educ., et al.*, 13 Civ. 4639 (SHS) (RWL)

Your Honor:

This Office represents Defendants the New York State Education Department ("SED") and the Commissioner of SED (collectively, the "State Defendants") in the above-referenced matter. We write to request that Your Honor issue an order directing Plaintiffs to identify the topics of their anticipated expert reports and the names of their experts by July 3, 2025.

On March 28, 2025, Your Honor issued a post-discovery scheduling Order which, *inter alia*, directed the parties to advise whether they plan to retain experts (other than rebuttal experts) by May 30, 2024. *See* ECF No. 502. The Order further provides that the parties must submit expert reports by August 15, 2025 and any rebuttal reports by September 30, 2025. *Id.*

On May 30, 2025, Plaintiffs' counsel advised that with respect to the Autism Services Class and Subclass, Plaintiffs intend to retain experts on "Autism, ABA, and Special Education Policy and Administration" and with respect to the NPS Class and Subclass, Plaintiffs intend to retain an expert on "Special Education Policy and Administration." In an effort to begin the process of identifying and retaining rebuttal experts, on June 2, 2025, the State Defendants asked Plaintiffs to specify the topics of their anticipated expert reports and, if available, to provide the names of their experts.[1] Plaintiffs' counsel refused, citing the lack of an Order expressly obligating them to provide this information, and indicated that they will only respond to the State Defendants' query if directed to do so by the Court. The parties' correspondence is attached hereto as Exhibit A. While the State Defendants had hoped to work collaboratively with Plaintiffs regarding expert discovery, we now have no choice but to reluctantly seek relief from the Court.

---

[1]   Broad subject descriptions like "Autism, ABA, and Special Education Policy and Administration" are patently insufficient to provide notice of the specific topics upon which Plaintiffs' experts will opine and, accordingly, do little to assist the State Defendants in identifying rebuttal experts.

Hon. Robert W. Lehrburger  
June 13, 2025

Page 2 of 2

  It is unclear why or to what end Plaintiffs have refused to provide the requested information. As of March 27, 2025, Plaintiffs advised the Court that they "had several experts in mind" and that Plaintiffs were "*continuing to work with their prospective experts* to confirm schedules" and even had, as of nearly three months ago, a "leading expert candidate[]." *See* ECF No. 501 at p. 3-4 (emphasis added). While Plaintiffs have had the luxury of months, if not years, to identify and retain their experts, the State Defendants are on a much more limited timeline. As always, the State Defendants are keen to move this case forward, and would like to commence the process of identifying and retaining rebuttal experts to avoid any delays down the line.

  Accordingly, the State Defendants respectfully request that Your Honor issue an Order directing Plaintiffs to identify the topics of their experts' anticipated reports and the names of their experts by July 3, 2025.

  We thank the Court for its attention to this matter.

Respectfully submitted,

_____/s/_____  
Elyce N. Matthews  
Samuel Martin  
Assistant Attorneys General  
(212) 416-8910  
Elyce.Matthews@ag.ny.gov