

SO ORDERED:

1/12/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

William B. Scoville, Jr.
phone: (212) 356-2381
email: wscovill@law.nyc.gov
(not for service)

January 9, 2026

By ECF
Hon. Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

Re: *M.G., et al., v. New York City Dep't of Educ., et al.*, 13-cv-04639-SHS-RWL
   City Defendants' Request for Extension and to Submit a Joint Proposed
   Modified Schedule

Dear Judge Lehrburger:

This office represents defendants The New York City Department of Education and Richard Carranza, in his official capacity as Chancellor of the New York City School District (collectively the "DOE" or "City Defendants") in the above-referenced matter. We submit this letter to request leave to submit, by next Wednesday **January 14, 2026**, a proposed schedule modifying this Court's Order dated November 21, 2025, ECF No. 550 (the "11/21 Scheduling Order"), together with an extension until at least that same date of today's deadline for City Defendants' submission of their certification regarding past discovery productions.

This is the City's first request either to amend the 11/21 Scheduling Order or to adjourn the above City Defendants' deadline. Plaintiffs consent to this request for the extension to January 14 and are willing to engage in a renegotiation of the existing schedule, and while the State Defendants do not believe an extension until Wednesday is necessary to make an extension request, they do not take a position as to this request.

City Defendants make this request because, despite our best efforts, this office is unable to submit a customary form of certification that the 11/21 Scheduling Order may be directing. This inability arises from the fact that the searches for and gathering of the DOE's production were conducted over the span of a full decade. They were performed not by a single or even several custodians, but instead by numerous DOE officers and staff, even for those documents responsive to only a single request, and many of the personnel who executed and responded to those searches are no longer employed by the DOE, either at all or in the capacity in which they assisted with this case. The most that City Defendants can do is to certify upon information and

Hon. Robert W. Lehrburger
January 9, 2026

belief, based on DOE staff's search for and retrieval of available old emails between staff who are still at DOE and former staff who were tasked with the search for responsive documents. Inasmuch as over the course of this litigation there have been seven sets of document requests served by Plaintiffs on City Defendants, comprising 85 distinct requests and 457 separate requests when counting the subparagraphs to each request, City Defendants anticipate submitting a proposed revised schedule after consultation with the parties that is likely to include further extensions of the various deadlines.

Furthermore, the undersigned respectfully submits that in the past this Court has allowed non-sworn representations as to the adequacy and completion of discovery. *See, e.g.*, Order dated September 14, 2020, ¶ 1, ECF No. 316 ("State Defendants' representations that they have not located any other responsive documents; have not 'withheld any responsive materials on the basis of privilege or otherwise'; and have 'produced all documents in their possession, custody, or control that they deem responsive to Plaintiffs' discovery requests' are sufficient . . . ."). The quoted language overruled Plaintiffs' objection that the State Defendants' letter addressing their production contained only "a general representation that State Defendants have 'produced all documents . . . .'" Joint Letter, ECF No. 315 at 2. The City Defendants anticipate submitting counsel's representation as to the information ordered by the Court, inasmuch as even a formal declaration could at best be made only on information and belief by current DOE officers and/or staff.

Finally, the undersigned apologizes for the last-minute submission of this request, but in light of my recent introduction to this intricate case, it was only recently that we realized the impossibility of complying with today's deadline, and the other parties have indicated their need to confirm with their respective offices the availability of any proposed modified deadlines, which they may need until next Wednesday to confirm.

Respectfully submitted,

*/s William B. Scoville, Jr.*
William B. Scoville, Jr.
 Assistant Corporation Counsel
100 Church Street, Room 2-195
New York, New York 10007
(212) 356-2381
wscovill@law.nyc.gov

cc: All appearing parties (by ECF)

-2-