THE LAW OFFICE OF

# ELISA HYMAN, p.c.

February 5, 2026

*VIA ECF*
The Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *M.G., et al. v. NYC Dep't of Educ.*, 13-cv-4639 (SHS)(RWL)

Dear Judge Lehrburger:

      Pursuant to the Court's Order on January 20, 2026, (ECF No. 558), the parties write jointly to provide an update on the progress of the negotiations between Plaintiffs and the City Defendants regarding the adverse inferences.

## I.      Plaintiffs' Position

      Per the Court's instruction, throughout the past two weeks, Plaintiffs have tried to negotiate with the City Defendants regarding the proposed adverse inferences to minimize the areas of dispute. Plaintiffs provided the City Defendants with a revised proposed set of inferences, splitting the inferences into (i) proposed inferences that the City Defendants could rebut by identifying documents that undermine the proposed inference; and (ii) proposed inferences that could not be rebutted and would have to be admitted to. Plaintiffs also modified some of the language in the proposed adverse inferences based on discussions with the City Defendants' counsel. On January 23, 2026 and February 5, 2026, Plaintiffs and the City Defendants met and conferred to discuss whether any agreements could be reached regarding the proposed inferences. Yesterday evening, the City Defendants' counsel stated that the City Defendants would agree to four of the proposed adverse inferences, if they were modified, a proposal Plaintiffs are reviewing.

      The City Defendants have confirmed that they are unable to certify any aspect of their production (*i.e.* whether documents exist/existed and were not produced, or whether documents never existed). Based on this admission, it is Plaintiffs' position that there are additional grounds to support their request for sanctions in the form of adverse inferences, as Plaintiffs did not know of the state of Defendants' searches and production at the time the initial motion was made. was made. Thus, Plaintiffs respectfully request that the Court allow them to file a submission setting forth a revised list of adverse inferences that Plaintiffs are seeking. Plaintiffs understand that they will still be required to show the relevance of each adverse inference as it relates to Plaintiffs' discovery requests. Plaintiffs further respectfully request that, considering the City Defendants' discovery violations, the Court adopt Plaintiffs' proposed adverse inferences.

Plaintiffs propose the following process:

Within 30 days of the date on which the Court  endorses this letter, Plaintiffs will submit to the Court and City Defendants a document that includes proposed adverse inferences (which may be revised/clarified or otherwise modified from the original set). The proposal will be divided into: (i) inferences that Plaintiffs agree the City Defendants can attempt to rebut through identification of documents that they have already produced (but not through deposition testimony); and (ii) inferences that cannot be rebutted and would have to be agreed to.

Within 30 days from that submission, the City Defendants will submit their response which will: (i) identify the proposed adverse inferences that the City Defendants believe are rebutted by documents they previously produced, with those documents submitted as exhibits; (ii) identify the proposed adverse inferences that the City Defendants assert are not relevant to any of Plaintiffs' document requests; and (iii) identify the proposed adverse inferences that the City Defendants agree to stipulate to, as drafted.

Within 15 days of the City Defendants' response, Plaintiffs will submit their reply in which Plaintiffs can (a) withdraw any proposed adverse inferences that Plaintiffs agree have been adequately rebutted by the City Defendants' document production and/or where the relevance has not been established; or (b) reply to the City Defendants' production/arguments on relevance.

Following the Plaintiffs' and the City Defendants' exchange of proposals, if there are any additional proposed adverse inferences remaining in dispute – *i.e.* the parties disagree as to (i) whether they have been rebutted; or (ii) on the issue of relevance – the Court will rule on those remaining inferences.

During this period of time, the parties can continue to negotiate and will alert the Court to the extent any of the inferences have been resolved by agreement.

**The City Defendants' Position**

Plaintiffs and City Defendants discussed and agreed to jointly propose the schedule set forth above in Plaintiffs' position statement: A submission by Plaintiffs setting forth their proposed inferences (some as modified by consent), due 30 days from this Court's endorsement of this letter or other Order; and a response by City Defendants 30 days thereafter setting forth any grounds for rebuttal and either endorsing or opposing, as appropriate, the proposed effect of any inferences to be granted by the Court. City Defendants further agree to Plaintiffs' right to submit a reply affirmation but reserve their right to request submission of an immediate surreply should Plaintiff's reply contain any new arguments not present in the parties' respective initial submissions.

2

Since the Court's January 20 Order, ECF No. 558, three lawyers from this office have been reviewing the City's document production full-time. Of the 296,909 documents produced, 291,118 of those documents were produced in native format, with each document bearing only a single bates number. Although the exact number of pages to be reviewed is undetermined, our office has begun to execute targeted searches as it has become apparent that a systematic review of the many millions of pages produced is infeasible within the proposed schedule. Although the undersigned shared Plaintiffs' hope to have by now come to agreement on a greater number of inferences than we did, this office's continuing examination of its production for rebuttal documents would have rendered extensive negotiations unproductive at this stage.

Although substantive arguments will be made only in the proposed future submissions, City Defendants oppose Plaintiffs' above suggestion that the City's inability to submit declarations by former DOE staff as to the details of the DOE's searches for responsive documents constitutes new or additional grounds for sanctions, inasmuch as the undersigned already presented the facts underlying that inability to the Court in my January 9 letter, ECF No. 553, and inasmuch as the City is already thereby prevented from rebutting inferences with a simple declaration that all responsive documents were produced after a diligent search.

Respectfully submitted,

/s/ *Elisa Hyman*

_____
Elisa Hyman, Esq.

cc: Counsel of record

Plaintiffs' and the City's proposal for continuing to refine and narrow their dispute with respect to adverse inferences is granted. By **March 13, 2026**, Plaintiffs will submit their revised proposed adverse inference list, which must include not only the proposed adverse inference, but also specification of what ties the inference to the respective discovery failure and justifies the scope of inference sought, and the particular prejudice incurred (including, where relevant, accounting for the insufficiency of admissions submitted by the City); by **April 13, 2026**, the City will submit its response; and by **April 28, 2026**, Plaintiffs will submit their reply; by **May 12, 2026**, Plaintiffs and the City shall meet and confer and file with the Court any adverse inferences upon which the Plaintiffs and the City have not agreed, along with Plaintiffs' specifications as to why the particular inference is warranted, and the City's arguments as to why the inference is not warranted. The Clerk of Court is directed to terminate the motion for sanctions at Dkt. 507, for which the instant order and the order at Dkt. 542 are interim orders. The Court continues to reserve ruling on adverse inferences pending the process set forth herein.

SO ORDERED:

2/10/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

3