UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.G., et al.,

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION, et al.,

Defendants.

13-CV-4639 (SHS) (RWL)

**ORDER: MOTION FOR RECONSIDERATION AND CLARIFICATION (DKT. 606)**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a class action contending that New York City and New York State have failed to provide certain services to children with autism and special needs in violation of the children's rights to a Free Appropriate Public Education. On June 30, 2026, the Court issued a Decision and Order resolving Plaintiffs' motion for discovery sanctions and imposing adverse inferences against the New York City Defendants (the "City") due to their failure to produce an extensive array of documents. (Dkt. 600 (the "Inference Order").) Plaintiffs have filed a motion for partial reconsideration and clarification of the Inference Order. (Dkt. 606.) The motion is GRANTED IN PART.

## Background

The Inference Order found that the City violated two discovery orders, acted negligently, failed to produce broad categories of responsive records, and failed to certify what discovery existed and had been produced, all to Plaintiffs' prejudice. (Inference Order at 9, 14, 16-22.) At the same time, the Court found that while "careless," the City's conduct did "not evince bad faith, intent to deprive, or even gross negligence." (*Id*. at 21.)

To remedy the prejudice to them, Plaintiffs sought an array of adverse inferences on numerous subjects that would effectively establish the inferences as facts. The Court found that sanctions were warranted but that the relief sought by Plaintiffs was excessive. (*Id*. at 29-35.) The Court therefore granted more narrowly-tailored relief composed of three parts:

> (i) the City will be precluded from introducing any evidence not already produced; (ii) the City will be precluded from making any argument based on the absence of a complete data and record set; (iii) Plaintiffs are entitled to a non-rebuttable presumption that the non-produced data and records would be helpful to Plaintiffs and unhelpful to the City in the same way and to the same extent that the data and records the City did produce were helpful to Plaintiffs and unhelpful to the City. It remains Plaintiffs' burden, however, to show that the data and records that the City did produce were helpful to Plaintiffs and unhelpful to the City.

(*Id*. at 41 ¶ 2; *see also id.* at 35-37.) Item (iii) of the Inference Order's relief has two components – a presumption, which the Court will refer to as the "Helpfulness Presumption" – and a condition addressing the Plaintiffs' burden, which the Plaintiffs refer to as the "Helpfulness Condition."

Plaintiffs' present motion seeks "three related forms of relief" with respect to the Inference Order. (Dkt. 607 at 2.) First, Plaintiffs request that, where the City "produced no relevant records and did not represent that such records do not exist" such that there is no basis for Plaintiffs to extrapolate and compare produced to non-produced documents, the Court impose a presumption that the proposed inferences are established facts unless rebutted with admissible evidence that Plaintiffs had a meaningful opportunity to test. (*Id*. at 2.) Second, Plaintiffs request clarification as to "how and when Plaintiffs must satisfy the [Helpfulness Condition], and whether doing so requires submission or

review of the City's entire production." (*Id*. at 2-3.) Third, Plaintiffs request clarification, or alternatively reconsideration, that the Court's reference to precluded "evidence" encompasses testimony such that "the City may not use testimony or opinion to reconstruct, supplement, or substitute for responsive documentary evidence it failed to produce." (*Id*. at 3.)

The City opposes the relief sought by Plaintiffs. (Dkt. 612.) The City contends that the Inference Order is clear in what it intends; that the Inference Order already permits sufficient inferences and presumptions; and that Plaintiffs improperly seek advisory opinions on future potential evidentiary scenarios. (*Id.* at 6-11.)

**Legal Standards**

Motions for reconsideration are "addressed to the sound discretion of the district court." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also "may be granted based upon 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cunningham v. Cornell University*, No. 16-CV-6525, 2020 WL 1165778, at *1 (S.D.N.Y. March 11, 2020) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion to reconsider is not an opportunity for a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a moving party is

not permitted to use a motion for reconsideration as a means to "relitigate[e] old issues, present[ ] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple") (internal quotation marks and citation omitted).

"Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order."[1] *McCaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022) (quoting *Metcalf v. Yale University*, No. 15-CV-1696, 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019)). "When a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond." *Metcalf*, 2019 WL 1767411, at *2. A motion for clarification of an unambiguous order "generally will be denied, though courts may in some circumstances provide clarification as they see fit." *Id.*; *see also Bank v. New York State Department of Agriculture & Markets*, No. 21-CV-642, 2022 WL 1224327, at *2 (N.D.N.Y. Apr. 26, 2022) (same). "Clarifications of previously issued orders 'add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous,' and 'may be obtained on motion or made sua sponte by the court.'" *Jones v. U.S. Postal Service*, No. 20-CV-6516, 2020 WL 6554904, at *5 (S.D.N.Y. Sept. 29, 2020) (quoting *North American Sales Co. v. Chapman Industrial Corp.*, 736 F.2d 854, 858 (2d Cir. 1984)).

**Application**

Applying these standards, the Court has carefully considered the parties'

[1] "[N]o Federal Rule of Civil Procedure specifically govern[s] motions for clarification." *Nortek Inc. v. ITT LLC*, No. 21-CV-3999, 2022 WL 2657189, at *1 (S.D.N.Y. July 8, 2022).

submissions and finds that, to a limited extent, the Inference Order warrants clarification as follows.

1. **Proving A Negative:** Plaintiffs' first request essentially asks for the same presumption of truth they initially sought as relief and which the Court denied as excessive, although with the qualification that the presumption can be rebutted with admissible evidence that Plaintiffs had a meaningful opportunity to test. (*See* Dkt. 607 at 2.) Plaintiffs contend that the Court mistakenly "assumed that Plaintiffs have evidence of systemic operational issues, such as 'training,' … from their case files." (*Id.* at 3.) Further, Plaintiffs argue, the Helpfulness Condition is ineffective "where, as here, the City entirely failed to produce records about nearly every issue in the case or produced records of a different character leaving Plaintiffs with no evidentiary basis from which to extrapolate." (*Id*. at 5.) Plaintiffs assert that they are prejudiced because they "cannot cite the absence of … information … as affirmative proof in motion practice or at trial." (*Id.* at 7.)

That is not what the Court intended, but the Court understands how one could interpret item (iii) of the Inference Order as Plaintiffs do in their motion. Accordingly, clarification is warranted as follows: In instances where the City did not produce documents from which Plaintiffs can extrapolate that the missing records would have been helpful "in the same way and to the same extent" as records that the City did produce, the City's failure to produce documents is deemed affirmative evidence of the negative proposition Plaintiffs seek to establish.

2. **"Helpfulness Condition":** Plaintiffs have raised issues about the Helpfulness Condition that the Court believes should go without saying. Nonetheless, for clarity, the Court finds it appropriate to elaborate as follows. To satisfy Plaintiffs'

evidentiary burden, the Helpfulness Condition shall be applied separately to each negative factual proposition for which Plaintiffs invoke the presumption and shall not require Plaintiffs to establish the contents of the City's production as a whole. Plaintiffs need not and should not submit the City's entire production to the Court unless requested by the Court. Plaintiffs may satisfy the Helpfulness Condition through admissible evidence, including a competent declaration, a summary prepared pursuant to Federal Rule of Evidence 1006, records produced during discovery, testimony, admissions, or a combination thereof. Once Plaintiffs make a prima facie showing concerning a factual inference, the City may rebut that showing only by identifying contrary admissible documents that were disclosed during discovery or by testimony unless that testimony is otherwise precluded per number 3 below.

3. **"Testimony":** The Inference Order expressly precludes introduction of "evidence" not previously disclosed by the City. Clarification of what "evidence" includes should not be necessary as the term is used without qualification. Indeed, as the City recognizes and concedes, "evidence" includes and extends to testimony. (Dkt. 612 at 8 ("The [Inference] Order clearly intends the word ["evidence"] to include testimony").) But to dispel any potential ambiguity, the term "evidence" includes testimony, both factual and expert, regardless of form (e.g., declarations, affidavits, in-court testimony).

Further, the Court agrees with Plaintiffs that the following clarification or elaboration is warranted to address prejudice caused by the City's failure to produce: The City may not avoid preclusion by offering testimony characterized as personal knowledge where Plaintiffs were deprived of a meaningful opportunity to test, verify, impeach, or rebut that testimony because the City failed to produce responsive discovery concerning the subject

of the testimony. The City is not precluded from providing testimony based on admissible documents that were produced in discovery, provided that the City identifies the produced documents on which the testimony relies.

To the extent not discussed above, the Court has considered the parties' arguments and finds them to be either moot or without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 606.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2026
New York, New York

Copies transmitted this date to all counsel of record.